MATHIAS LIEBERMAN v. JOHN P. BROTHERS ET AL.

55  379
62  103

55  379
63  457

The nonjoinder of a defendant in an action *ex contractu* can be taken advantage of only by plea in abatement. If the general issue be pleaded, and it appears at the trial that a person who should have been a defendant has been omitted, the plaintiff is entitled, the merits being with him, to a verdict against the defendants on the record.

On contract. On rule to show cause why a new trial should not be granted.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *H. Burdett Herr.*

For the defendants, *Voorhees & Cotter* and *Oscar Jeffery.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. In this case there was a misjoinder and a nonjoinder of defendants.

With respect to the former defect the trial judge properly held that it could not be taken advantage of, as the notice required by the statute in case of a misjoinder had not been given. The jury has found that the party thus misjoined did not undertake or promise, and thus far the verdict must stand.

But with respect to the other objection the proceedings are plainly erroneous. The evidence tended strongly to the conclusion that there was a person who was not a party to the record who was a member of the firm by which this note in suit had been given, and the judge in his charge instructed the jury that if in point of fact they found such nonjoinder, their verdict must, as a matter of law, be adverse to the plaintiff. By force of this judicial injunction the jury returned a general verdict in favor of the defendants, to which they added a special finding that one of the members of the firm

making the note in question had not been joined in the suit as a party.

This recital of the facts makes it manifest that a legal result has not been reached in the case. The plea was the general issue, and consequently the nonjoinder of a defendant could not be set up to prevent a recovery against the persons who were parties to the record as defendants. We have no statute that applies in the least degree to such a juncture. The provisions of our Practice act that relate to the nonjoinder of a defendant, regulate the procedure only when the omission has called out a plea in abatement. When the general issue alone is pleaded, as in this case, the legal situation is controlled exclusively by the rule of the common law, and that rule, since the case of *Rice* v. *Shute*, 5 *Burr.* 2611, has never been in doubt. That leading and well-known decision was directly to the point that the nonjoinder of defendants in actions *ex contractu* can be taken advantage of only by plea in abatement. Over forty years ago that doctrine was explicitly announced and enforced by this court in the case of *Mershon et al.* v. *Hobensack*, 2 *Zab.* 372, and such decision was affirmed by the Court of Errors and Appeals.

In the present case the jury should have been instructed that the nonjoinder that existed should be disregarded by them, and that they were at liberty to find in favor of the plaintiff against the defendants upon the record, if the facts so warranted.

The rule for a new trial must be made absolute.