WILLIAM S. GRAY v. SARAH F. SHARP AND JAMES
L. SMITH.

Submitted March 28, 1898—Decided June 13, 1898.

1. The non-joinder of a defendant, in an action *ex contractu*, can be taken advantage of only by plea in abatement. *Lieberman* v. *Brothers*, 26 *Vroom* 379, followed.
2. The validity of a bond given pursuant to the provisions of the thirty-seventh section of the Attachment act (*Gen. Stat.*, p. 104), and the consequent liability of the obligors named therein for a breach of its conditions, does not depend upon the action of the court or judge in setting aside, or refusing to set aside, the lien of the attachment.

---

On demurrer to declaration.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the demurrant, *Addison Ely*.

*Contra, Brinkerhoff & Fielder.*

PER CURIAM.

This is a suit brought upon a joint and several bond given to the plaintiff by the Scott Ice and Coal Company, under

the thirty-seventh section of the Attachment act. The defendants are the sureties on the bond.

The defendants specify two grounds of demurrer.

The first ground stated is that the declaration is defective in that the Scott Ice and Coal Company is not made a party defendant, although it appears by the declaration that it was one of the obligors in the bond.

The non-joinder of a defendant, in an action *ex contractu,* can be taken advantage of only by plea in abatement. It affords no ground for a demurrer. *Lieberman v. Brothers,* 26 *Vroom* 379.

The second ground of demurrer, which is specified, is that " it does not appear by the said declaration that, after the filing of the said bond, it appeared just to any court or judge, either in any term-time or vacation, to order the attachment referred to in the declaration to be set aside and release and discharge the real and personal estate of the defendant in attachment from the lien thereof."

It is enough to say, in disposing of this specification, that a reading of the statute will show that the validity of a bond given in compliance with the thirty-seventh section of the Attachment act (*Gen. Stat., p.* 104), and the consequent liability of the obligors named therein, for a breach of its conditions, does not depend upon the action of the court or judge in setting aside, or refusing to set aside, the lien of the attachment

The demurrer is overruled, with costs.