CHARLES W. GREEN, ADMINISTRATOR, &c., DEFENDANT IN ERROR, v. SUSAN E. HERITAGE ET AL., PLAINTIFFS IN ERROR.

Argued March 1, 1899—Decided June 12, 1899.

1. Under the revision of the District Court act (*Pamph. L.* 1898, *p.* 556), the jurisdiction of the Supreme Court, on writ of error to a Circuit Court, is limited by the scope of the Circuit Court's jurisdiction on the appeal given by the act.
2. A foreign administrator sued in the state of his appointment, who prevails in the action and recovers judgment for costs, may sue in this state on.such judgment without filing an exemplified copy of his letters of administration.
3. Identity of name is *prima facie* identity of person.
4. A summons in an action upon contract was issued out of a District Court against six persons and served upon four of them  The state of demand declared on a foreign judgment against all of the defendants. The defendants appeared at the trial.  An exemplified copy of the foreign judgment was offered in evidence.  Nothing else was offered on either side.  Without objection the action was discontinued as to the defendants not served, and judgment was given against the others.  *Held,* not erroneous.

On error to Hudson Circuit Court on affirmance of a judgment of a District Court.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiffs in error, *McEwan & McEwan.*

For the defendant in error, *William L. Clark.*

The opinion of the court was delivered by

COLLINS, J.  The plaintiffs in error and two other persons sued the defendant in error and others in the Supreme Court of New York and were defeated in the action, the defendants recovering several judgments for costs.  Suit was brought on one of such judgments in a District Court of Jersey City. Summons was issued against the six judgment-debtors but was served on only four of them.  The state of demand was against all and correctly stated the judgment.  The allegations are meager, but sufficient for a District Court where no great particularity in pleading is requisite.  On the return day of the summons, discontinuance was entered as to the two who were not served and the District Court gave judgment against the four remaining defendants.  On appeal, the Circuit Court of the county affirmed the District Court and the judgment of affirmance is now before us for review.

Under the revision of the District Court act (*Pamph. L.* 1898, *p.* 556), the only jurisdiction of the Circuit Court on an appeal from a District Court is where either party " shall be dissatisfied with the determination or direction of said court in point of law or upon the admission or rejection of evidence." *Id.*, § 206.  Our writ of error can review nothing more than the Circuit Court could lawfully decide.  In view of this limited jurisdiction it is doubtful if some of the matters of which complaint is made before us are cognizable under this writ, but as we find in them nothing erroneous it is unnecessary to decide that question.

It is assigned as error that a foreign administrator has no standing to sue in this state without first filing in the court in which he brings his action an exemplified copy of his letters of administration.  That is true only when he sues in the right of his intestate, not in a case where he is a party to the transaction although as administrator.

It is also assigned as error that there was no proof before the District Court of identity of the judgment-debtors. Their names afforded sufficient *prima facie* identification.

*Hatcher* v. *Rocheleau,* 18 *N. Y.* 86 ; 16 *Am. & Eng. Encycl. L.* 119.

The assignment chiefly pressed was the discontinuance as to two of the judgment-debtors and the giving of judgment against the others only. On demands *ex contractu* every person liable has normally the right to demand that all liable with him shall be joined in any suit against him on the same liability. This is a matter of privilege, and non-joinder must be pleaded in abatement. *Dic. Part., rule* 49 ; *Mershon* v. *Hobensack,* 2 *Zab.* 372 ; *affirmed,* 3 *Id.* 580 ; *Lieberman* v. *Brothers,* 26 *Vroom* 379.

In a District Court, where no written plea is required, the same result may be reached by oral objection. There are, however, exceptions to the right to object to non-joinder. One arises where the person not joined resides out of the jurisdiction of the court in which the action is brought. *Dic. Part., ubi supra.* By our statute all liable may be sued and judgment will go, although only part are served, but that practice is not a necessity. It may be wise not to take judgment without service of process. *Mackay* ads. *Gordon,* 5 *Vroom* 226. In the case at bar all were sued and declared against. The state of the case shows appearance by defendants, presumably those who were served. No evidence was offered except the New York judgment, yet the court, after the evidence was closed, permitted a discontinuance as to the defendants not served and gave judgment against the others. This was plainly irregular and, had there been objection, must have worked a reversal, but there was no objection and we must presume acquiescence. Doubtless the omitted defendants were in fact non-resident and the others recognized the right of the plaintiff to exclude them. It is asserted by counsel for the plaintiffs in error that the appearance recited in the state of the case was only for the purpose of moving for an adjournment, which was refused, and that their clients really were not present at the trial. On that subject we are bound by the record, and that shows no such condition of affairs.

The decision rendered by the Court of Errors and Appeals

in *Stehr* v. *Ollbermann*, 20 *Vroom* 633, is not inconsistent with the views above expressed. That case simply holds that final judgment cannot be rendered against one defendant until it can be rendered against all.

The judgment of the Circuit Court is affirmed.

In the cases of Brady and of Odell against the same defendants some of the same questions, and no others, are involved, and there will be like affirmance.