MARY S. FLEMING, DEFENDANT IN ERROR, v. H. PHELPS
REED, EXECUTOR OF I. WHILDEN MOORE, DECEASED,
PLAINTIFF IN ERROR.

Argued November 20, 1908—Decided March 1, 1909.

1. The representative of a deceased joint contractor may be prose-
cuted separately during the lifetime of the other joint contractors,
for non-performance, under the third section of "An act concern-
ing obligations." *Gen. Stat., p.* 2336. *Thompson* v. *Johnson,* 11
*Vroom* 220, approved.

2. If plaintiff declare against one of several joint contractors, and
the defendant does not plead it in abatement and give notice of
non-joinder, a contract alleged to have been made by a sole de-
fendant may be supported by proof of a joint contract made by
him and others.

3. The minutes of a board of directors of a corporation are ad-
missible to show the contractual intent of the corporation and
the authority of the officers appointed to carry out the corporate
act determined on, but they are not binding on strangers, nor
are they sufficient evidence of a contract between a corporation
and one of its members, for the business transactions of a cor-
poration with its members stand on the same footing as those
with a stranger.

4. The minutes of a corporation recited an offer to a board of
directors by one of its members to purchase its real estate, and
also stated the terms of payment. The offer was accepted by
resolution, but before the deed was delivered the purchaser was
informed of the terms adopted by the directors, which were that
the purchaser should pay all the debts of the company and to
the stockholders the par value of their stock, to which the pur-
chaser agreed and promised to pay accordingly, and for that con-
sideration he was given, and accepted, a deed in which the con-
sideration stated equaled the debts and stock. *Held,* that when
the deed was accepted, the purchaser became liable to each stock-
holder to pay the value of his stock as on a contract made for
the benefit of each stockholder under *Pamph. L.* 1903, *p.* 537, § 28.

On error to the Supreme Court.

For the plaintiff in error, *Edward Ambler Armstrong* and
*Thompson & Cole.*

For the defendant in error, *John J. Crandall.*

The opinion of the court was delivered by

BERGEN, J.    The plaintiff in her declaration avers that a corporation, the Northside Land Company, was the owner of certain lands which represented all of its assets; that defendant's testator proposed to the company that he would pay all of its debts and the par value of the stock to each stockholder if it would sell and transfer to him and three others all of the lands of the company; that the proposition was accepted and the transfer made; that thereupon the plaintiff became entitled to be paid by the defendant the par value of her stock, which, upon demand, was refused. There was a verdict for the plaintiff, and the correctness of the judgment entered thereon is the subject of the review required by this writ of error.

The plaintiff, in support of the contract thus set out, offered as evidence the minutes of a meeting of the stockholders of the corporation held on February 8th, 1904, and also the minutes of a directors' meeting held by the same persons, on the same day, immediately after the stockholders' meeting, and they were admitted. The defendant's testator, I. Whilden Moore, a stockholder and director, was present at each meeting, and the minutes of the stockholders' meeting show that he, after stating that the debts of the company amounted to $30,000, offered a resolution, which was adopted, authorizing the board of directors "to sell the property or mortgage the property for settling the debts for the best possible price." The minutes of the directors' meeting show that Moore proposed that the company sell the property to him and three other persons, who were also stockholders, in consideration of which they would pay the debts of the company, and the par value of their stock, to such stockholders as were not purchasers. Whereupon a resolution was adopted accepting the proposition and authorizing the president and secretary to execute a conveyance, "the consideration to be $51,400." It also appeared that the plaintiff was a non-purchasing stockholder; that all the outstanding stock amounted to $21,400, which, added to the debts, $30,000, made the amount required to pay the debts and stockholders, $51,400; that this sum was

inserted in the deed after a discussion between the proposed purchaser and the officers of the company when they met to complete the sale, Moore finally agreeing to have the consideration put in at $51,400 instead of one dollar, as he had first insisted, although admitting that he was to assume the payment of the outstanding stock at par and the debts of the company as the price to be paid for the land. The deed was then executed to Moore and three others, also stockholders, and delivered to him. The present suit being instituted by a stockholder, who was not one of the purchasers, to recover the par value of her stock, the question presented is, has she proven a case under which she is entitled to recover?

The first point argued by the plaintiff in error is that the contract proven differs in two respects from that declared on— (a) that it was not the contract of Moore, but the joint contract of four persons; (b) that it was not a contract for the benefit of all stockholders, but for those only who were not purchasers of the corporate property, and therefore plaintiff must show that she was not a purchaser, and having failed in this she is not within the terms of the contract. The argument in support of these propositions assumes that a contract was established by the minutes of the directors' meeting, which recited that Moore proposed that the company sell the land to himself and three others for which "they" would pay the debts of the company and the stockholders, who were not purchasers, the par value of their stock, and that therefore the contract proven, viz., to pay only non-purchasing stockholders is not the contract declared on which was to pay all stockholders.

Assuming for the present that it sufficiently appears that a contract was established by the minutes which was joint and not several, that condition would not prevent a recovery, for the representative of a deceased joint obligor or contractor may be prosecuted separately during the lifetime of the other joint contractors for non-performance. The third section of "An act concerning obligations" (*Gen. Stat.,* p. 2336), authorizes an action against the representatives of one jointly bound with another for the payment of a debt, or for the "per-

formance or forbearance of any act, or for any other thing," and this statute includes simple contracts as well as specialties, as was held by Chief Justice Beasley in *Thompson* v. *Johnson,* 11 *Vroom* 220, for reasons given by him which we approve as satisfactory and conclusive. The position of the plaintiff in error on this point is also without legal footing, for the reason that, if a plaintiff declare against one of several joint contractors and the defendant does not plead in abatement, and give notice of non-joinder, a contract, alleged to have been made by a sole defendant, may be supported by proof of a joint contract made by him and others. *Mershon* v. *Hobensack,* 2 *Zab.* 372, 380; *Lieberman* v. *Brothers,* 26 *Vroom* 379. But we do not find any evidence to support the contention that a joint contract was entered into; no promise or agreement was shown to have been made by anyone other than Moore, nor does it appear that he had any authority to bind the others. As to the second claim on this branch of the case it is sufficient to say that it appeared that defendant in error was a stockholder, and that she was not one of the purchasers, from which an inference may properly be drawn that she was one of a limited class who were entitled to be paid for their stock. However, if the minutes do not bind Moore, the only contract which he made, if any, was to pay all the stockholders and the debts of the company.

The second assignment argued is that it was error to admit in evidence the minutes, because they were not sufficiently proven to be the minutes, and also that such minutes cannot bind third parties, although evidence of corporate action. We think the minutes were sufficiently proven and properly admissible to show the contractual intent of the corporation, and the authority of its officers to execute the deed for the purposes and consideration therein named as the corporate act determined upon, and to this extent were competent. While the minutes of a board of directors will not bind a stranger, and business transactions of a corporation with its members stand on the same footing as those with strangers (*Wetherbee* v. *Baker,* 8 *Stew. Eq.* 501; *Rudd* v. *Robinson,* 126 *N. Y.* 113), they are admissible to show the extent of the

authority conferred by the directors upon its officers appointed to carry out the corporate action. Thus in this case the authority given was to execute a deed for all of its property in consideration of $51,400, of which $30,000 was required to pay debts and $21,400 to pay all the stockholders the par value of their stock, and while the minutes of the corporation did not bind Moore, they were evidential of the authority under which the president and secretary were acting. There was evidence that before the delivery of the deed Moore was informed of the amount of the debts and of the outstanding stock, and that the deed would not be delivered until he had agreed to pay the debts and the stock and consented that the sum of the two payments be the consideration, and so expressed in the deed for the lands to be conveyed; that after considerable negotiation Moore did agree to pay the stockholders and creditors, and the amount required to cover both items was inserted in the deed, which was then delivered to and accepted by Moore. This completed the contract, and Moore, by the acceptance of the deed, became liable to pay the consideration in the manner he had agreed, for, notwithstanding the deed recited that the consideration was $51,400, he was entitled to show in what manner he had agreed to pay, and the vendor, or one for whose benefit the contract was made, had the same privilege. Moore was not bound to pay to the company the consideration in cash; his right and his obligation was to pay the debts and stockholders, that was the contract he was bound to carry out, and he could satisfy it only according to its terms, and until performance he was liable to prosecution by those entitled to payment under the contract. By the terms made for the satisfaction of the consideration Moore was to pay each stockholder, of whom defendant in error was one, the par value of their stock, and it is not claimed that he has paid the plaintiff below according to his promise, although he has taken and retained the property upon which the value of her stock depended.

The plaintiff in error next urges that the defendant in error has no standing because the agreement was not made for her benefit. The contract was that the purchaser would pay to

the stockholders the par value of their stock, and it cannot be doubted that she, being a stockholder, is a "person for whose benefit the contract is made." *Pamph. L.* 1903, *p.* 537, § 28.

An exception to the charge rests upon the following excerpt: "He produces the minutes of the company written by him as secretary which show a proposal of that kind and an unanimous acceptance by the directors." The only ground upon which this is challenged is that, although the secretary testified that they were the minutes, and his testimony was not controverted or impeached, it was shown that there were other minutes not produced. It is true that there were other minutes, but not of this meeting, which the proof shows were delivered by the secretary to Moore, and in the absence of any explanation or contradiction will be presumed to be in the possession of his representative. The uncontradicted testimony was that the record admitted was the minutes of the corporation, relating to the transaction in question, they were in the handwriting of its secretary, produced by him, and after due proof admitted in evidence. Under such circumstances it was not error to refer to them as the minutes of the company.

It is also insisted that there was error in the admission of the testimony of the witness Voorhees regarding a conversation with Moore. The objections stated are that the evidence was admitted to prove a contract with the company, and also that what Moore said proved a different contract from that which the minutes say he made. On the first point it is argued that the witness did not represent the company and could make no contract for it. The difficulty with this position is that counsel have misapprehended the purpose of the testimony; it was not to show the making of the contract, but an admission by Moore as to a contract already made. On the second point it is urged that the court assumed that the testimony of Voorhees supports the minutes, whereas the effect of what he testified Moore said would tend to show a different contract from that declared on. We think the testimony tends to support the contract sued on, and that the trial court in dealing with the evidence of this witness treated it properly

and did not abuse its discretion in the matter. Finding no error in the record, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 15.

*For reversal*—None.

Argued November 20, 1908—Decided March 1, 1909.

For the plaintiff in error, *Edward Ambler Armstrong* and *Thompson & Cole.*

For the defendant in error, *John J. Crandall.*