### KAYE v. MAY.

(Circuit Court of Appeals, Third Circuit. February 16, 1924.)

No. 3052.

1. **Executors and administrators** ⬩524(2)—**Statute requiring foreign executor or administrator to file copy of letters before bringing suit applies only when administrator sues in right of intestate.**

2 Comp. St. N. J. 1910, p. 2265, § 21, requiring a foreign executor or administrator to file exemplified copy of his letters in the office of the register of the prerogative court before bringing an action in the state

of New Jersey, applies only when the administrator sues in the right of his intestate, and not where he is a party to the transaction, though as administrator.

2. Executors and administrators ⬨524(2)—Foreign executor not required to file copy of letters with register of prerogative court before bringing action for intestate's death.

Administrator appointed in another state could bring an action in the state of New Jersey for the death of intestate without filing an exemplified copy of his letters in the office of the prerogative court under 2 Comp. St. N. J. 1910, p. 2265, § 21, requiring an executor or administrator to whom letters were issued in another state to file a copy thereof with the register of the prerogative court before prosecuting an action in New Jersey, since such statute applies only when the administrator sues in the right of his intestate, and since the administrator in suing for death of intestate is not suing in the right of his intestate; the cause of action not having accrued to the intestate in his lifetime.

3. Executors and administrators ⬨524(2)—Defendant who did not object to admission of letters of administration issued to plaintiff not entitled to directed verdict on ground that copy was not filed with register of prerogative court.

In an action in New Jersey by an administrator appointed in another state, the defendant, having made no objection to the receipt in evidence of the letters of administration, was not entitled to a directed verdict on the ground that the administrator had not filed an exemplified copy of the letters of administration in the office of the register of the prerogative court under 2 Comp. St. N. J. 1910, p. 2265, § 21.

4. Evidence ⬨35—Federal court takes judicial notice of laws of all states.

A federal court takes judicial cognizance of the laws created by statute or judicial decisions of all the states in the Union.

5. Pleading ⬨236(2)—Amendment of complaint by addition of allegation that action for death was brought within 24 months after death held discretionary with court.

In an action for death of plaintiff's intestate, it was within the discretion of the trial court to permit plaintiff at the opening of the trial to amend complaint by addition of allegation that the action was brought within 24 months of the date of death of plaintiff's intestate.

6. Pleading ⬨236(2)—Allowing amendment at opening of trial held not abuse of discretion.

In an action for death, the allowance, at the opening of the trial, of amendment to complaint by addition of allegation that the action was brought within 24 months of the date of death of plaintiff's intestate, in absence of statement by defendant that he was surprised, *held* not an abuse of discretion.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Action by Harry May, administrator, etc., of Abraham May, deceased, against Harry Kaye. Judgment for plaintiff, and defendant brings error. Affirmed.

M. Casewell Heine and Heine, Bradner & Laird, all of Newark, N. J. (Palmer Bradner, of Newark, N. J., of counsel), for plaintiff in error. John W. McGeehan, Jr., of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. While riding in an automobile belonging to Max Kramrisch, along a highway near the town of Monticello, in Sullivan county, N. Y., Abraham May was killed through a collision

between the automobile of Kramrisch and one belonging to Harry Kaye (defendant below, and hereafter called defendant). Harry Kramrisch, Murray Winakor, and Isadore Abramow were in the automobile with Abraham May, and were all plaintiffs in the District Court. All the plaintiffs are residents of the state of New York, and the defendant is a resident of the state of New Jersey. This suit was brought to recover damages suffered on account of the collision. The jury rendered a verdict in behalf of the plaintiff May, but against the other plaintiffs. The defendant is here on writ of error directed to May.

Defendant relies upon three alleged errors.

He contends that the District Court did not have jurisdiction of the suit because the plaintiff neither pleaded nor proved that he had filed in the prerogative court of New Jersey an exemplified copy of the letters of administration granted to him by the surrogate of the city of New York, as required by the statute of New Jersey, which provides that:

"Any executor or administrator by virtue of letters obtained in another state may prosecute any action or sue out execution upon judgment or de-, cree in any ·court of this state as if his letters had been granted in this state; provided, that such executor or administrator shall first file in the office of the register of the prerogative court an exemplified copy of his letter, and upon such filing may bring all necessary actions in any of the courts of this state; provided, also, that security for the costs may be required from such executor or administrator as if he were a nonresident of this state." P. L. 1896, p. 173, § 1; Compiled Statutes of New Jersey, vol. 2, p. 2265, § 21.

[1, 2] This statute applies, however, only when the administrator sues in the right of his intestate, not in a case where he is a party to the transaction, although as administrator. Green v. Heritage, 63 N. J. Law, 455, 456, 43 Atl. 698. In the case of Morse et al. v. King, 73 N. J. Law, 548, 63 Atl. 986, 118 Am. St. Rep. 702, the court said that these statutory provisions "apply only in those cases in which the executor sues in the right of his decedent; in other words, where the cause of action accrued to the decedent during his lifetime." The administrator in these proceedings is not suing in the right of his intestate; neither did the cause of action accrue to the decedent in his lifetime.

[3] The defendant cannot prevail for another reason: When the letters of administration granted in New York, were offered in evidence, plaintiff was asked the following question: ·

"And were you appointed administrator by the surrogate of New York county?

"Mr. Heine: I make no objection, if those are the letters of administration.

"Mr. McGeehan: All right. Do you want to see them?

"Mr. Heine (after examining papers): No objection to those going in, except that the receipt of that evidence will be subject to the same objection which has already been made in the case as to the inadmissibility under the pleadings."

At the close of the case, when all testimony was in, defendant first moved for the direction of a verdict on the ground that plaintiff had not filed an exemplied copy of the letters of administration granted to him in New York. This was obviously too late. The letters had already been admitted, and counsel was trying to overcome the effect of his consent.

[4] Defendant insists that the learned trial judge erred in permitting testimony to be taken in proof of New York statutes and of the law of negligence because they had not been pleaded. The rule prevailing generally is that federal courts' take judicial cognizance of the laws, created by statute or judicial decisions, of all the states in the Union. Pennington v. Gibson, 57 U. S. (16 How.) 65, 14 L. Ed. 847; Lamar v. Micou, 114 U. S. 218, 5 Sup. Ct. 857, 29 L. Ed. 94; Hanley v. Donoghue, 116 U. S. 1, 6, 6 Sup. Ct. 242, 29 L. Ed. 535. It was unnecessary to plead or prove the law of the state of New York. The learned trial judge properly took judicial cognizance of them.

[5, 6] At the opening of the trial, plaintiff was allowed to amend his complaint by the addition of the allegation that—

"This action is brought within 24 calendar months of the date of death of the plaintiff's intestate."

This was a matter within the discretion of the trial court. In granting the amendment, the judge said there could not be in it "any element of surprise," and, although defendant objected, he nowhere stated that he was surprised. We see no abuse whatever of discretion in allowing the amendment. There is no question about the fact that suit was brought within 24 calendar months of the death of the plaintiff's intestate, and if the amendment had not been allowed, a meritorious cause would have been prevented by a pure technicality.

The judgment of the District Court is affirmed.