### STATE OF MAINE *vs.* LEVI LASHUS.

### Kennebec.    Opinion October 27, 1887.

*Intoxicating liquors.    Former conviction.    Record.    Law and fact.*

A record is admissible to show prior conviction which says, "Indictment for being a common seller of intoxicating liquors . . . being presented to a jury duly impanneled, they find a verdict of guilty," etc.

The identity of the respondent with the person named in such record is a question of fact for the jury.

ON exceptions from superior court.

Indictment as a common seller of intoxicating liquors, alleging a former conviction for same offence.

To show former conviction the following record was introduced in evidence, omitting formal parts :

"*State* v. *Levi Lashus*. Indictment for being a common seller of intoxicating liquors, found at the March term, 1871, when and where the defendant being arraigned pleads not guilty, thereupon, the issue being presented to the jury duly impanneled, they find a verdict of guilty, thence the action was continued to this term for sentence. Sentence, first day of this term. Fine, one hundred dollars and costs. Monday, August 7, 1871, committed for non-payment."

Other facts stated in the opinion.

*L. T. Carleton*, county attorney, for the state.

The allegation of a prior conviction was properly set out in

the indictment. R. S., c. 27, § § 63, 57, 52; 65 Maine, 234 and 270.

Docket entries may be read to a jury when a more extended record has not been made. *State* v. *Neagle*, 65 Maine, 468; *Leathers* v. *Cooley*, 49 Maine, 337; *Pierce* v. *Goodrich*, 47 Maine, 173; *Longley* v. *Vose*, 27 Maine, 179; *Read* v. *Sutton*, 2 Cush. 115; *Pruden* v. *Alden*, 23 Pick. 184.

*S. S. Brown*, for defendant.

In this record which was introduced into this case at bar, there is nothing but a mere unauthorized statement of the clerk, that the alleged previous conviction was for being a common seller of intoxicating liquors. We refer to the following authorities bearing upon the validity and effect of such statements by a recording officer, viz.: *McGuire* v. *Sayward*, 22 Maine, 230; *Owen* v. *Boyle*, 15 Maine, 147; *Oakes* v. *Hill*, 14 Pick. 442.

In the case of *State* v. *Hines*, 68 Maine, 202, the county attorney put in the docket entries as in this case, and also the indictment in the former case. By means of said indictment, it was made plain what the previous charge was, but nothing of the sort was done here, and hence, we say all the record introduced proves nothing. We cannot see how this court can possibly hold otherwise. We contended in our argument to the jury, and we contend now, that this record proves nothing and should have been disregarded by the jury, and that a general verdict of guilty under this indictment was unwarranted by the evidence. We cite the following strong and decisive authorities on this question: *State* v. *Wedgwood*, 8 Maine, 75; *Commonwealth* v. *Briggs*, 5 Pick. 429; also see, near close of the opinion in the case of *Commonwealth* v. *Norcross*, 9 Mass. 492, the statement of the court as to the necessity of proving the identity of the parties; also, 1 Bishop, Crim. Procedure, § 816.

DANFORTH, J. The record of the prior conviction alleged in the indictment was properly admitted. None more extended had been, or is usually, made. The addition of the indictment would have given no more information as to the nature of the

offence charged than is obtained from the record. In each, it is described in the same language, using the words of the statute, viz. : " A common seller of intoxicating liquors." The issue tried and conviction following, is so clearly set out as to leave no room for mistake.

The error is in the instruction to the jury in which they were told " that if they were satisfied beyond a reasonable doubt, from all the evidence introduced before them, that the defendant had, during any portion of the time named in the indictment, been engaged in selling intoxicating liquors as a business, they should return a verdict of guilty." Thus the jury were required to, and did render a verdict of guilty of the higher offence charged, upon testimony sufficient only to convict of the lower.

It may be true that so far as the sufficiency and legal effect of the record are involved, a question of law only is presented. But the identity of the defendant on trial, with the person named in the record, is a question of fact. The identity of name is some evidence of identity of person, more or less potent, according to the connecting circumstances, but it is not, certainly in this case, sufficiently conclusive to authorize the court to take it from the jury and treat it as a question of law.

But neither of the rulings objected to in any way affects the verdict so far as it relates to the lower offence charged. Upon that, it rests on evidence and instructions not objected to. The prosecuting officer may therefore enter a *nol. pros.* as to the allegation in the indictment of a prior conviction, and let there be judgment for the state, otherwise the exceptions must be sustained.

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.