STATE OF IOWA, Appellee, v. JOHN SMITH, Appellant.

129   709
142   276

**Larceny:** INDICTMENT: PRIOR CONVICTIONS. The words "conviction" and "judgment," are used interchangeably in Chapter 109, Acts 29 General Assembly, so that the record of prior convictions is admissible, in a prosecution for larceny, under an indictment alleging prior judgments.

**Evidence of prior convictions:** IDENTITY OF DEFENDANT. The record of prior convictions, when offered for the purpose of increasing the punishment, is admissible in a prosecution for larceny without first proving the identity of the defendant as the person against whom the judgments of conviction were entered; and a mere objection to the record on that ground, made at the time of the offer, is not sufficient to raise the question.

**Same.** On a prosecution for larceny where the state seeks to increase the punishment because of prior convictions, it must prove the identity of defendant by other evidence than the identity of his name with that contained in the prior judgments of conviction.

.Justice Deemer dissenting.

**Former Convictions:** IDENTITY OF DEFENDANT: PUNISHMENT. Where it is sought to impose on a defendant charged with larceny, an increased punishment because of prior convictions, the jury must find a general verdict as to the offense charged and a special verdict as to former convictions; and where

there has been a failure to establish the identity of defendant with the person named in the record of prior convictions, that question should be withdrawn from the jury and no additional punishment should be imposed.

**Instructions:** UNSUPPORTED BY EVIDENCE. An instruction, on a criminal prosecution, that the defendant cannot be convicted on his confession alone, unless made in open court or accompanied by other proof of the crime, where there was no evidence of a confession, is reversible error.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

THURSDAY, FEBRUARY 15, 1906.

THE defendant was indicted for the crime of larceny from a building in the nighttime, and, from the judgment had upon trial, he appeals.— *Reversed.*

*Barnes & Chamberlain* and *Tom H. Milner,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

BISHOP, J.— With the manifest purpose of bringing the case within the operation of the provisions of chapter 109, Acts 27th General Assembly, it was alleged in the indictment, in addition to charging the facts of the instant crime, that on the 19th day of November, 1887, a judgment was rendered against the defendant, John Smith, under the name of John A. Smith, in the district court of Linn county, this State, for the crime of burglary; that on the 19th day of October, 1901, another judgment was rendered against the defendant, John Smith, in the district court of Linn county, for the crime of breaking and entering a dwelling house in the daytime. Section 1 of said chapter reads as follows:

Whenever any person has been twice convicted of either of the crimes of burglary, . . . larceny where the value of the property stolen exceeded twenty dollars, or of breaking and entering with intent, . . . or has been convicted of two or more of said crimes, and shall thereafter be convicted of any one of such crimes, committed after such second conviction, he shall be imprisoned in the penitentiary for any term not less than fifteen years, provided such former judgments shall be referred to in the indictment stating the court, date and place of rendition.

Section 3 provides that an authenticated copy of the record of a former judgment shall be *prima facie* evidence of such conviction and may be used in evidence against the defendant. Section 4 requires that the jury, if it finds the defendant guilty, " must also find and determine specially whether the defendant had previously been convicted of either of the crimes referred to in the indictment, and the number of times so convicted."

Upon the instant trial, the State offered in evidence, and, over the objection of defendant, there was admitted, the criminal record of the district court of Linn county, this

1. LARCENY: indictment: prior convictions.

State, as of date November 19, 1887, which recited that in the case of the State of Iowa against John A. Smith, then pending in said court, the defendant so named having been indicted and convicted of the crime of burglary, it was ordered and adjudged that he be confined in the penitentiary for the period of three years. In the same way there was admitted in evidence the criminal record of said district court as of date October 19, 1901, which recited that in the case of the State of Iowa against John Smith, pending in said court, the defendant so named having been indicted for the crime of larceny, and having pleaded guilty, it was ordered and adjudged that he be confined in the penitentiary for the period of three years. It is contended that the admission in evidence of such records was error. The objection presented to the court below was based upon several grounds, but we

need notice only those that are insisted upon in argument in this court.

In the first place, it is said that the evidence was improper because of a variance between the language of the statute and that used in the indictment; that is, that the statute speaks of former convictions, whereas the indictment refers to former judgments. The point is devoid of merit. We need not stop to inquire whether by strict rule a different meaning is to be attached to the words " conviction " and " judgment," It is certain that in common parlance the words are used interchangeably, and this is done in the statute in question. Thus, while in the language thereof former convictions are made the basis for an extended term of imprisonment, it is provided that " such former judgments shall be referred to in the indictment."

Secondly, it is urged that the court erred in permitting the records of the former judgments to be read because there was no evidence tending to identify the defendant on trial as the person against whom such judgments

2. EVIDENCE OF PRIOR CONVICTIONS: identity of defendant.

were made and entered. As we think, the objection on that ground went only to the order of proof, and was not well taken. Questions as to the order of proof are addressed to the sound discretion of the court, and it was not error, as counsel seem to think, to admit the records, competent in themselves, because, looking backward over the record after the State had rested its case, it became apparent that no proof of identity had been attempted. If counsel for defendant desired to save the point, it was for them to invoke a further ruling of the court by appropriate motion, and, having failed to do so, defendant is not in position to complain.

II. No attempt was made by the State to identify the defendant on trial as the defendant in the former judgments

3. SAME.

referred to in the indictment and in the records introduced. The county attorney seems to have pinned his faith to the idea that if he could point out

to the court that at some other time, and in the same or some
other court, a man by the name of Smith had been the sub-
ject of a judgment in a criminal prosecution, the identity
of the defendant on trial, as the person named defendant
in such former judgment, was sufficiently established; and,
there being two or more of such judgments, an application
of the statute in question was fully warranted. It is mani-
fest, to our minds, on reason and authority, that such conclu-
sion cannot be sustained. It does not require a second
reading of the statute to make clear its purpose, and we need
not stop to enlarge upon that. And similar statutes are in
force in nearly, if not quite all, the states in the Union, as
well as in England and elsewhere. By the uniform current of
authority, the fact of the prior convictions is to be taken as
part of the offense instantly charged, at least to the extent
of aggravating it and authorizing an increased punishment.
12 Cyc. page 950, and note. Among other cases cited in
the note are these: *Evans v. State,* 150 Ind. 651, (50 N.
E. 820); *Com. v. Harrington,* 130 Mass. 35; *People v.
Sickles,* 156 N. Y. 541, (51 N. E. 288); *Wood v. People,*
53 N. Y. 511; *Gibson v. People,* 5 Hun (N. Y.) 542;
*Bandy v. Hehn,* 10 Wyo. 167 (67 Pac. 979).

Now, as it will be observed, the statute requires that
the fact of former convictions shall be set forth in the in-
dictment. And this but conforms to the general rule govern-
ing criminal procedure. 10 Encyclopedia Pleading & Prac-
tice, page 489; *Maguire v. State,* 47 Md. 485. And it is
former convictions of the instant defendant that is required
to be alleged; not merely that a man passing under the name
to which he answers has been the subject of convictions.
The plea of not guilty puts in issue, not only all matters
of fact essential to the instant crime, but the fact of the
alleged former convictions of the defendant. 12 Cyc. p. 951,
and cases in note; Hughes, Criminal Law & Procedure, sec-
tion 2831.

Moreover, as we have seen, the statute requires a special

finding at the hands of the jury as to the fact of such former convictions and the number thereof. It ought not to require the citation of authority to make it clear that a finding of fact, thus made imperative, could only be had upon evidence tending to proof. And it is not conceivable, as matter of criminal law, that, to avoid an adverse finding, a defendant can be held to take the initiative and bring forward the evidence tending to his exculpation in respect of any fact alleged in the indictment' and material to his conviction or punishment. It is well enough, and for obvious reasons, that an accused who places his reliance for acquittal, as against a *prima facie* case made out against him, upon affirmative matter of defense, or who seeks to bring himself within an excepted class, should be held to bring forward the requisite proof, but there is no theory upon which the principle there involved can be given application here. In addition to a conviction for the crime instantly charged, the state is seeking to have an unusual punishment inflicted because of former convictions of similar offenses. As the plea of the defendant is given effect to traverse every allegation of the indictment, the state must carry the burden to make good the charge in its every essential particular. 12 Cyc. page 951, and note.

The statute provides for the introduction of authenticated copies of the judgments alleged in proof *prima facie* thereof. But the State may not stop there. The identity of the defendant as the person who suffered such former convictions remains to be proven. We grant that the identity of names may be some evidence of the identity of persons; but, standing alone, it is not enough. Every fact essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. And it would amount to a travesty to say that a *prima facie* case for an increased term of punishment could be made out against John Smith, being tried in Linn county, by showing the isolated facts that a man passing under that name had at some

time or other been convicted in the courts of Lee county, likewise in Lyon county. And the almost unbroken voice of authority is against such a conclusion. The matter for the jury to determine is the historical fact involved in the charge, and this they must determine as any other fact in the case. Our conclusion finds warrant in the following authorities: *Hines v. State,* 26 Ga. 614; *State v. Lashus,* 79 Me. 504 (11 Atl. 180); *State v. Adams,* 64 N. H. 440 (13 Atl. 785); *People v. Price* (Sess.) 2 N. Y. Supp. 414, *affirmed* 119 N. Y. 650 (23 N. E. 1149); Hughes, Crim. L. & Pro., section 3146; Bishop, Crim. Law, section 963. See, also the following: *Bandy v. Hehn,* 10 Wyo. 167 (67 Pac. 979); *State v. Haynes,* 35 Vt. 570; *People v. King,* 64 Cal. 338 (30 Pac. 1028); *Johnson v. People,* 55 N. Y. 512; *Com. v. Briggs,* 7 Pick (Mass.) 177; *People v. Sickles,* 156 N. Y. 541 (51 N. E. 288); Evans v. State, *supra.*

That there may be cases where identity of names will be accepted as *prima facie* evidence of identity of persons we readily concede. But our attention has been called to no reported case where a court of respectability has been bold enough to go so far as to hold that the identity of a person upon whom it was sought to inflict a penalty prescribed by criminal law was sufficiently established by naked proof of identity of names.

What has been said foregoing is not necessary to our disposition of this appeal, but as the case must go back for a new trial it is intended to govern the course of proceedings upon such trial.

III.    In view of the state of the record before the trial court, it must be manifest that there could be no propriety in submitting to the jury any question respecting the alleged

4. FORMER CON-
VICTIONS:
identity of
defendant:
punishment.
former convictions of the defendant. If anything, the court, on its own motion, should have directed the jury to put the subject entirely out of consideration, and this notwithstanding counsel for defendant had not seen fit to move therefor on behalf of their

client.    Instead of. so doing, the court in charging the jury
stated the issues by quoting the language of the indictment,
including the reference to the former judgments, and recit-
ing the plea of the defendant.    This was followed by the in-
sertion of the provisions of section 1 of the act of the General
Assembly, hereinbefore .referred to and quoted, as a whole
in the body of the charge.    No other definition or description
of the offense for the commission of which defendant was on
trial, and respecting which the jury was called upon to make
a finding of his guilt or innocence, appears in the charge.
Only a general verdict was required and found, and the judg-
ment rendered thereon provided for imprisonment for a term
of 15 years, being five years in excess of the maximum al-
lowed under the statute making breaking and entering a house
in the nighttime and with felonious intent a crime.    Appar-
ently the court misconceived the purpose and effect of the
act of the Twenty-Seventh General Assembly.    In fact the
proceedings against the defendant were primarily based —
as they must have been — upon the general statute declaring
for and defining the crime of breaking and entering, and pre-
scribing the punishment therefor.    The later legislative act
was invoked only to secure an increase of punishment in
case of conviction by reason of the former judgments predi-
cated on the commission of kindred offenses.    The function
of the latter act begins and ends with serving such purpose.
And if, in this case, proof of the former convictions had been
made, the requirement would have been to have called for a
general verdict as to the instant offense, having reference to
the general statute, and a special verdict as to former con-
victions, having reference to the provisions of the later act.
But, as we have seen, proof as to former convictions of the
instant defendant failed for want of identification.    It then
became the simple duty of the court to submit for a general
verdict the question of guilt or innocence as to the offense
of breaking, etc., set forth in the indictment.    And a verdict
of guilt being found, the defendant should have been sen-

tenced to imprisonment for a period not exceeding ten years.

If the excessive punishment imposed upon this defendant were all, we should not feel called upon, in view of the statute, to grant a new trial. 'Such error could be corrected by reducing the sentence to a term that would be in compliance with the statute.

IV.	The court gave to the jury an instruction, as follows: "Defendant cannot be convicted upon his confession alone, unless made in open court, unless accompanied with other proof that the offense was committed."

5. INSTRUCTIONS: unsupported by evidence. There is not a scintilla of evidence in the record even tending to prove that a confession was ever made by the defendant. The nearest approach thereto is found in the testimony of one of the State's witnesses, a police officer, who says that, in respect of a pair of spectacles — a part of the stolen property — defendant made the statement, in substance, that he had got them from another man and could account for his possession of the same. It is wholly unnecessary that we cite authorities in support of the rule that the giving of an instruction which has no basis in the evidence is reversible error.

Others matters of error argued need not be discussed. They are either without merit, or are not likely to arise upon a new trial.

The judgment is reversed, and the case is remanded for a new trial.— *Reversed.*

DEEMER, J. (dissenting).— I am constrained to dissent from the second division of the majority opinion. What is a name but a word used to designate a particular person or thing? Indeed a man's name is the designation by which he is distinctly known in a community (*Laflin & Rand Co. v. Steytler,* 146 Pa. 434 (23 Atl. 215, 14 L. R. A. 690), and as a general rule his middle name or initial is unimportant. Primarily then we identify a person by his name and not by any physical description. From this follows the

general rule that identity of name is *prima facie* evidence
of identity of person. See cases cited in 15 Am. & Eng.
Enc.. Law. (2d Ed.) p. 918. We have applied this rule in
all manner of cases. *State v. Loser* (Iowa), 104 N. W. 337;
*State v. Prins.,* 113 Iowa, 74, 75; *Gilman v. Sheets,* 78 Iowa,
502. See also, *State v. McGuire,* 87 Mo. 642; *Kimball v.
Davis,* 19 Wend. (N. Y.) 442; *Campbell v. Wallace,* 46
Mich. 320 (9 N. W. 432); *Hatcher v. Rochelean,* 17 N. Y.
87; *State v. Kelsoe,* 76 Mo. 505 (Id., 11 Mo. App. 91);
*Flournoy v. Warden,* 17 Mo. 435; *Cuddy v. Brown,* 78
Ill. 415; *Aultman Miller & Co. v. Timm,* 93 Ind. 158;
*Bayha v. Mumford,* 58 Kan. 445 (49 Pac. 601); *Green v.
Heritage* (N. J. Sup.), 43 Atl. 698. It is true that some
cases seem to hold with the majority. See *Com. v. Briggs*
(Mass.) 5 Pick. 429; *Com. v. Norcross,* 9 Mass. 492, and
*Bogue v. Bigelow,* 29 Vt. 179. But it should be remem-
bered that the Massachusetts court is out of harmony with the
current of authority on this question of names. In *State
v. Robinson,* 39 Me. 150, which was very like the instant one,
the question of identity was left to the jury, as I think it
should have been in this case. See also *State v. Lashus,* 72
Me. 504 (11 Atl. 180). It should be remembered in this con-
nection that John Smith was, prior to this trial, convicted in
the same county, and in the same court as the one in which he
was being tried upon the present indictment. The in-
dictment was sufficient to bring it within the provisions of
chapter 109, Acts 27th General Assembly, in that it alleges
the prior judgments of conviction of the defendant Smith. I
should hardly know how to charge him with having thereto-
fore been convicted except to state that a judgment had been
rendered against him, (Smith). Surely the State was not
required to describe his physical characteristics and those
things which differentiated him from other human beings.
His name was his lawful designation and sufficient for all
purposes of criminal pleading. I think there was enough
to take the case to a jury on this proposition.