STATE OF IOWA, Appellee, v. SAM MERKIN, Appellant.

**CRIMINAL LAW:** Evidence—Former Conviction—Proof of Judgment.
1 A judgment of former conviction is properly provable by a duly certified transcript; and *slight* discrepancies between the name of the accused in said judgment and the name of the person on trial will be disregarded, in the absence of all claim that the parties are not the same.

**APPEAL AND ERROR:** Harmless Error—Improper Submission of In-
2 terrogatories. The submission to the jury of special interrogatories relative to former conviction (if error) is harmless when the former conviction is no element of the crime charged, and when the accused was sentenced as for a first offense.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

OCTOBER 24, 1924.

DEFENDANT appeals from a judgment of conviction of a charge of maintaining a liquor nuisance.—*Affirmed.*

*L. B. Forsling* and *A. L. Thomas,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *O. T. Naglestad,* County Attorney, for appellee.

STEVENS, J.—The indictment charged a second offense. The court permitted the State to introduce a properly certified transcript of a judgment of a prior conviction of Sam Mirkin in the district court of Woodbury County on April 29, 1921. At the conclusion of the State's evidence, and again at the close of all the evidence, appellant moved for a directed verdict upon the ground that the evidence was insufficient to justify his conviction. Both motions were overruled, and the cause submitted to the jury, which returned a general verdict of guilty, and also answered a special interrogatory that appellant had been convicted of a previous offense, as charged in the indictment.

1. CRIMINAL LAW: evidence: former conviction: proof of judgment.

It is contended by appellant: First, that the certified transcript was inadmissible; and second, that the court erred in submitting the special interrogatory as to whether he had been previously convicted of maintaining a liquor nuisance. The first contention is without merit, and is covered by statute. Sections 4644 and 5483, Code of 1897; *State v. Bullis,* 196 Iowa 480. The second contention is likewise without merit. If the allegation as to the commission of a prior offense in the indictment was necessary, it is because of the provisions of Section 2424 of the Code of 1897. The only evidence offered in support of this allegation of the indictment was the certified transcript of the judgment. The similarity in the name of appellant and the name of the defendant in the certified transcript is all that appears in the record tending to show the identity of the parties. We give little emphasis to small differences in the spelling of names. We have already held that this is insufficient in a criminal prosecution. *State v. Smith,* 129 Iowa 709.

The charge in the indictment of a prior offense is not, however, a necessary element of the crime of nuisance, and the general verdict is not affected by the submission of the special interrogatory complained of. The indictment charged an offense under the statute which the evidence fully sustained. *State v. Smith,* supra. Appellant could not have been prejudiced by the submission of the special interrogatory to the jury.

2. APPEAL AND ERROR: harmless error: improper submission of interrogatories.

The judgment entered by the court is the maximum allowed

by Section 2384 of the Code of 1897, but we see no reason for interference therewith. We find no ground for reversal.—*Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.