STATE OF IOWA, Appellee, v. JOHN LOGLI, Appellant.

CRIMINAL LAW: Evidence—Evidence of Former Convictions. Records of former convictions are not, in and of themselves, sufficient evidence that the defendant on trial and the defendant in the former convictions are one and the same person, even though the names are the same.

Headnote 1: 16 C. J. p. 1345.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JULY 1, 1927.

Prosecution for the maintenance of a liquor nuisance. The indictment charged the commission of the offense on or about October 1, 1925. It also charged the defendant with two former convictions for the same offense. There was a general verdict, finding the defendant guilty, and special findings to the effect that he had before been twice convicted of a like offense. The court entered judgment of imprisonment in the penitentiary for the term of three years. The defendant has appealed.—*Reversed.*

*Walter F. Maley,* for appellant.

*John Fletcher,* Attorney-general, *E. F. Wisdom,* Assistant Attorney-general, *Vernon R. Seeburger,* and *Clarence I. Spencer,* for appellee.

EVANS, C. J.—The appellant presents a large number of assigned errors. The most serious question we find presented thereby is that which pertains to the special findings of former convictions. The indictment charged the former convictions to have been had on May 9, 1922, and on March 11, 1924. The State introduced in evidence the records of the Polk County

district court, showing convictions on such respective dates of one John Logli. It introduced no proof other than the records themselves of the identity of the present defendant with the defendant named in the former prosecutions. The nearest approach to such proof was the following examination of the witness Hicks. Objections and rulings of the court being omitted, such examination was as follows:

"I don't know exactly where John Logli lived, prior to the place where he now lives. He lived at or near Burwick, through the year 1923 and part of 1924. Q. State, if you know of your own knowledge, whether or not that is the place where he lived when these previous cases arose. A. On one occasion I know it, but not on the other occasion. Q. Which one do you know about? A. The raid in 1923. Q. *Do you identify this defendant here as being the man who lived at that place at that time?* A. I do.

### Cross-examination by Walter F. Maley.

"I was on a raid at the home of defendant at Burwick around the summer of 1923. I did not appear before the grand jury, because there was nothing found at the time I was there."

In *State v. Smith*, 129 Iowa 709, it was held definitely that the record of the former conviction was not, of itself, sufficient proof of identity of the instant defendant with the defendant named in the former conviction, even though there was identity of name. The reason for such a rule is considered and set forth in the cited case, and its necessity is emphasized therein. The same rule was recognized in *State v. Merkin,* 198 Iowa 900.

The instructions of the court herein required the jury to find the identity beyond a reasonable doubt. The jury did so find, even though the evidence in that regard was wholly lacking. We think that the failure of proof at this point was fatal to the special findings. In *State v. Merkin,* supra, we allowed the general verdict to stand. The sentence imposed in that case, however, was within the permission of the statute as for a first offense. This is not such a case. The punishment inflicted is not permissible as for a first offense. To set aside the special findings is to set aside the penitentiary sentence imposed.

The judgment below must, accordingly, be reversed for this reason.—*Reversed.*

All the justices concur.