STATE OF IOWA, Appellee, v. B. LAMBERTTI, Appellant.

INDICTMENT AND INFORMATION: Sufficiency—Former Conviction.
1 · A charge of former conviction is all-sufficient when it distinctly alleges the time and place of such conviction and the record and page thereof where it may be found.

CRIMINAL LAW: Evidence—Evidence Unlawfully Procured. Evidence which is pertinent and relevant is admissible against the defendant in a criminal action even though the same was secured by an unlawful search of the defendant's premises. (See Book of Anno., Vol. 1, Sec. 13418, Anno. 8.)

CRIMINAL LAW: Evidence—Judgment of Former Conviction. The record of a former conviction of an accused is admissible under an indictment which properly charges such conviction.

CRIMINAL LAW: Appeal and Error—Submission of Unsupported Issue—Harmless Error. The submission to the jury of the *unsupported* issue of former conviction and the unauthorized finding by the jury that the accused had been so convicted are quite harmless when the sentence imposed was *less* than the maximum provided for the substantive and proven offense charged in the indictment.

CRIMINAL LAW: Appeal and Error—Assignment of · Error—"Shotgun" Assignments. "Shotgun" assignments of error present · no question for consideration on appeal. (See Book of Anno., Vols. I, II, Sec. 12869.)

Headnote 1: 31 C. J. pp. 735, 736. Headnote 2: 16 C. J. p. 570. Headnote 3: 16 C. J. p. 1344. Headnote 4: 17 C. J. p. 345. Headnote 5: 17 C. J. p. 181.

Headnote 1: 14 R. C. L. 190. Headnote 2: 8 R. C. L. 194; 10 R. C. L. 932.

*Appeal from Dallas District Court.*—W. S. COOPER, Judge.

OCTOBER 25, 1927.

Prosecution for the crime of possession of intoxicating liquor. The indictment charges that the defendant, on or about the 23d day of June, 1926, did unlawfully and knowingly have possession of intoxicating liquor. The indictment also charges

that this is a second offense. Upon trial, the jury returned the following verdict:

"We, the jury, find the defendant, B. Lambertti, guilty of possession of intoxicating liquor as charged in the indictment, and we further find that he has heretofore been convicted in the district court of Dallas County, Iowa, of the crime of nuisance."

The court entered judgment of imprisonment in the county jail for a period of six months, and that the defendant pay a fine in the sum of $500, and in default of payment that he be imprisoned for a period of six months. Defendant appeals.—*Affirmed.*

*John G. Regan* and *William P. Welch,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

WAGNER, J.—I. One of the contentions of the defendant in his assignments of error is that the charge in the indictment, with reference to the second offense, is not sufficient. There is no merit in this contention. Our statutory law provides:

"Whoever is convicted, or has entered a plea of guilty in a criminal action, in any district court of the state, of a violation of any provision of this title [Title VI, Code of 1924] or of the laws amendatory thereof, and is thereafter convicted or enters a plea of guilty of a subsequent offense against any provision of this title or of said amendatory laws, shall be punished * * *."
Section 1964, Code of 1924.

1. INDICTMENT AND INFORMATION: sufficiency: former conviction.

The indictment unmistakably charges the defendant with the commission of a second offense, in the following language:

"That the said B. Lambertti pled guilty to maintaining a liquor nuisance on September 21, 1925, as shown by Commitment Record One, at page 372, of the records of the clerk of the district court of Dallas County, Iowa; that this indictment constitutes his second offense of violating the liquor laws."

The indictment shall be sufficient briefly to allege such former conviction. Section 1954, Code of 1924.

II. Much of the evidence, and the liquor introduced in evidence, were obtained by reason of a search of defendant's prem-

ises under a search warrant, and it is the claim of the defendant

2. CRIMINAL LAW: evidence: evidence unlawfully procured.

that the search warrant in question was illegally issued, upon information filed by the sheriff of Dallas County with the justice of the peace. It may be conceded, for the purposes of this case, that the search warrant was illegally issued.

Prior to the time of the trial, the defendant filed a motion to suppress all of the evidence obtained by the search of the defendant's premises under the search warrant, on the ground that said search warrant was illegally issued, in that the same was in violation of Section 8, Article 1, of the Constitution of the state of Iowa, and in violation of Sections 13420, 13421, 13422, of the Code of 1924, and in violation of the whole of Chapter 617 of the Code of 1924, and in violation of the Fourth Amendment to the Constitution of the United States, and in violation of the Fifth Amendment to the Constitution of the United States. This motion was by the court overruled.

Objections were made to all of the foregoing evidence at the time of the trial, for the reasons urged in the "motion to suppress," and the objections were by the court overruled. These rulings by the court are assigned as error. In *State v. Tonn,* 195 Iowa 94, we held that evidence which is pertinent and relevant is admissible against the defendant in a prosecution for crime, even though the same was secured by an unlawful search of defendant's premises, and have universally so held in the subsequent cases. *State v. Gorman,* 196 Iowa 237; *Joyner v. Utterback,* 196 Iowa 1040; *State v. Rowley,* 197 Iowa 977; *Lucia v. Utterback,* 197 Iowa 1181; *State v. Parenti,* 200 Iowa 333; *State v. Wenks,* 200 Iowa 669. Therefore, the rulings of the lower court in overruling the "motion to suppress" and in overruling the objections of the defendant to the evidence when offered, were correct.

III. Over the objection of the defendant that the same is immaterial, irrelevant, and incompetent under the indictment, for the reason that the indictment charges the crime of posses-

3. CRIMINAL LAW: evidence: judgment of former conviction.

sion of intoxicating liquors, and does not charge a second offense, the court permitted the State to introduce in evidence the judgment entry in the case entitled State of Iowa v. Lambertti, found in Commitment Record One, page 372, of the records of the clerk of the

district court of Dallas County, Iowa. The defendant assigns as error the overruling by the court of the objection made to the introduction of said record. The indictment does charge a second offense. The record was admissible. Section 11305, Code of 1924; *State v. Smith*, 129 Iowa 709.

IV. One of the contentions raised by the defendant is that, in the prosecution for an offense claimed to be a second offense 4. CRIMINAL LAW: under the statute, the State must prove the appeal and error: submission identity of the accused and the person named in of unsupported issue: harmless the prior judgment, by evidence other than the error. identity of names. We have so held. *State v. Smith*, supra; *State v. Merkin*, 198 Iowa 900; *State v. Logli*, 204 Iowa 116.

The State failed in its proof to identify the appellant as the Lambertti who, on September 21, 1925, pleaded guilty to maintaining a liquor nuisance. The court, however, submitted this issue to the jury, in the absence of sufficient evidence to sustain the allegation of the indictment. While this was error, can it be said to be prejudicial error such as to warrant a reversal? The offense charged in the indictment is the unlawful possession of intoxicating liquors. The allegation of a second offense is not an essential element of the crime charged. The charge of a former conviction was in aggravation, and to increase the punishment. The failure to make the proof of the former conviction did not prevent a conviction of the indictable offense charged: to wit, possession of intoxicating liquor. *State v. Merkin*, supra; *State v. Smith*, supra.

In *State v. Logli*, supra, the trial court permitted the jury, on insufficient evidence of identity of the defendant with the defendant named in the former prosecutions, by special interrogatories submitted, to find that the defendant had before been twice convicted of a like offense, and the punishment inflicted by the court was not permissible as for a first offense; and we reversed the judgment; but we therein referred to *State v. Merkin*, supra, where we allowed the general verdict to stand, the sentence imposed being within the permission of law as for a first offense.

In the instant case, the judgment pronounced was less than the maximum punishment provided by our law for the crime of

possession of intoxicating liquor. The court gave the jury the following instruction:

"In this case, it is your duty to determine from the evidence whether or not the defendant had, prior to the time of the indictment herein, been convicted in the district court of Dallas County, Iowa, of a charge of a violation of the law in reference to intoxicating liquors; and this must be established by the State beyond a reasonable doubt, in order to justify a conviction as for a second offense. If you so find the defendant guilty of the crime charged, and you further so find that the defendant was, on or about the 21st day of September, 1925, convicted of the crime of maintaining a liquor nuisance, you should so return your verdict, using the first form of verdict submitted. If you find the defendant guilty of the crime charged, but you fail to find that he was heretofore convicted, as before stated, then you should find him guilty of the crime charged only, and so return your verdict, using the second form of verdict submitted. If, however, you fail to so find the defendant guilty, as charged, you should acquit him, using the third form of verdict submitted."

The first form of verdict submitted is the one returned by the jury. The second form of verdict submitted was:

"We, the jury, find the defendant, B. Lambertti, guilty of possession of intoxicating liquor, as charged in the indictment."

The third form of verdict submitted was:

"We, the jury, find the defendant, B. Lambertti, not guilty."

*State v. Merkin,* supra, is a similar case. In said case, the jury, by general verdict, found the defendant guilty of the crime charged, and by special interrogatory submitted by the court, found that the defendant had been convicted of a previous offense. The judgment entered by the court in the *Merkin* case was the maximum allowed by the law for the crime charged (maintaining a liquor nuisance). We refused to reverse, saying:

"Appellant could not have been prejudiced by the submission of the special interrogatory to the jury."

The manner of submission in the instant case is equivalent to the manner of submission in the cited case, and the judgment entered by the court is less than the maximum allowed by law for the crime charged,—to wit, possession of intoxicating liquor,

—which crime the evidence fully sustains.    It is manifest that no prejudice resulted to the defendant by the submission to the jury of the question as to whether or not there had been a former conviction of the defendant.

V.    The appellant assigns error as follows:

"The court erred in overruling the defendant's exceptions to the court's instructions, for all of the reasons stated in said exceptions."

The exceptions strike at seven of the instructions given by the trial court.    This assignment is fatally indefinite, and raises no question for consideration on appeal.    *State v. Smith*, 192

5. CRIMINAL LAW: appeal and error: assignment of error: "shotgun" assignments.

Iowa 218; *State v. Harbour*, 193 Iowa 657; *State v. Gill*, 202 Iowa 242.    Defendant, under this "shotgun" assignment of error (*Reynolds & Heitsman v. Henry*, 193 Iowa 164), argues that the instruction given by the court to the jury on the question of reasonable doubt is incorrect, and prejudicial to the defendant.    While, as stated, the aforesaid assignment presents no question for the consideration of this court, we have considered the instruction given, and find no error therein.

We find no ground for reversal.    The judgment entered is— *Affirmed*.

EVANS, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.