State of Iowa, Appellee, v. Harold Parsons, Appellant.

June 26, 1928.

*F. E. Northup,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

DE GRAFF, J.—The defendant, Harold Parsons, was indicted March 18, 1927, by the grand jury of Marshall County, Iowa, for the crime of bootlegging, as defined by Section 1927, Code of 1924. With the manifest purpose of bringing the case within the operation of the provisions of Section 1964, Code of 1924, it was alleged in the indictment, in addition to charging the facts constituting the crime of bootlegging, as follows:

"The said defendant Harold Parsons has heretofore been convicted of the liquor law violation, to wit: In cause No. 2767, Marshall County, Iowa."

The county attorney offered in evidence a certain record of a case in the district court of Iowa in and for Marshall County, for the purpose of showing the prior conviction of the defendant on a liquor charge. To this offer the objection was made as incompetent, irrelevant, and immaterial to any issue in the case, and for the reason that it is a matter pertaining to the penalty, and if such a record did exist, it was for the court to merely take judicial notice, and not a matter for the consideration of the jury. Further objection was made that no sufficient foundation was laid to make the record competent, as against the defendant.

It is true that the statute in force at the time of the commission of the alleged crime charged in the instant indictment provided for a second and subsequent conviction of a violation of the prohibitory liquor laws of the state:

"1. For his second conviction, by a fine not less than five hundred dollars nor more than one thousand dollars, or by im-

392

prisonment in the county jail for not less than six months nor more than one year, or by both such fine and imprisonment." Section 1964, Code of 1924.

It is further provided:

"In any prosecution for a second or subsequent offense, as provided in this title, it shall not be requisite to set forth in the indictment or information the record of a former conviction, but it shall be sufficient briefly to allege such conviction." Section 1954, Code of 1924.

See *State v. Lambertti*, 204 Iowa 670.
Further:

"On the trial of any cause wherein the accused is charged with a second or subsequent offense, a duly authenticated copy of the former judgment in any court in which such judgment was so had, shall be competent and prima-facie evidence of such former judgment." Section 1956, Code of 1924.

Upon the trial of the instant cause, the clerk of the district court of Marshall County identified the record of the proceedings of the court which contained a permanent record of convictions and proceedings in liquor cases, and specifically, Cause No. 2767, entitled "State of Iowa v. Harold Parsons," with the signature of B. F. Cummings, a judge of the district court of Iowa in and for Marshall County. Thereupon, the plaintiff offered in evidence the said record, which disclosed that, on the 6th day of February, 1923, the jury returned a verdict of guilty against Harold Parsons, and also offered in evidence the indictment in Cause No. 2767, together with the judgment entered in said cause. To all of these offers the defendant made objections heretofore and herein recited.

I. Did the trial court properly rule the objections? There is but one basic objection made by the instant defendant which must be recognized on this appeal. There was no evidence offered by the State tending to identify the defendant on trial as the person against whom the judgment of record was made and entered. No attempt was made by the State to identify the defendant on trial as the defendant in the former judgment referred to in the indictment and in the record introduced and received in evidence. By the uniform current of authority, the

fact of the prior conviction is to be taken as part of the offense instantly charged, at least to the extent of aggravating it and authorizing an increased punishment. *State v. Smith,* 129 Iowa 709 (4 L. R. A. [N. S.] 539, 6 Ann. Cas. 1023), with cases cited.

Defendant's plea of not guilty puts in issue not only all matters of fact essential to the crime charged, but the fact of the alleged former conviction of the defendant. In a sense, there were two issues: (1) not guilty to the crime of bootlegging, as set forth in the indictment, and (2) not guilty to the alleged prior conviction of the liquor law of this state. As said in *State v. Smith,* supra:

"It ought not to require the citation of authority to make it clear that a finding of fact, thus made imperative, could only be had upon evidence tending to proof. And it is not conceivable, as matter of criminal law, that, to avoid an adverse finding, a defendant can be held to take the initiative and bring forward the evidence tending to his exculpation in respect of any fact alleged in the indictment and material to his conviction or punishment."

The trial court in the instant case in the instructions given the jury defined the material allegations of the indictment:

"First, that the defendant on the day and year charged in the indictment did unlawfully and willfully carry around on his person intoxicating liquor, to wit, alcohol; second, that such carrying around was with the intent to sell the same; third, that such acts occurred in the county of Marshall and state of Iowa within three years prior to the finding of the indictment in this case, to wit, March 18, 1927; fourth, that defendant has formerly been convicted of the violation of the laws relating to intoxicating liquors.

"If you find from the evidence, and beyond a reasonable doubt, that the plaintiff, State of Iowa, has established each and every of the foregoing propositions, then it is your duty to find the defendant guilty in manner and form as charged in the indictment. On the other hand, if you fail to find that the plaintiff has established each and every of the aforesaid allegations beyond a reasonable doubt, then your verdict should be 'not guilty.'"

Unless it may be said, therefore, that there was competent evidence tending to prove the former conviction of the defendant, which necessarily includes the matter of identification of the defendant as the person formerly convicted, the verdict was not supported by the evidence. The fact that the statute provides for the introduction of an authenticated copy of a former judgment as prima-facie proof of the fact alleged does not grant the State the privilege to stop at that point in the matter of proof.

"The identity of the defendant as the person who suffered such former convictions remains to be proven. We grant that the identity of names may be some evidence of the identity of persons; but, standing alone, it is not enough. Every fact essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. * * * The matter for the jury to determine is the historical fact involved in the charge, and this they must determine as any other fact in the case." *State v. Smith*, supra.

See, also, *State v. Logli*, 204 Iowa 116.

In the instant case, there was no special finding or form of verdict submitted to the jury with respect to the issue of former conviction. It is the rule of better practice for a trial court to so submit specially the issue of former conviction to the jury, under such circumstances, as it is quite apparent that a defendant could be convicted by the jury on the primary charge in the indictment on evidence independent of and not referable to the issue of former conviction. In a strict legal sense, within the purview of the statute (Section 1964), the former conviction is not germane to the primary issue, but relates to the penalty to be imposed by virtue of a prior conviction. The matter, however, is an issue joined on the indictment by the plea of not guilty. The views herein expressed necessitate a new trial and a remand of the cause.

II. The court instructed the jury on the question of alibi, and gave a correct statement of the law in this particular. *State v. Wrenn*, 194 Iowa 552; *State v. Banoch*, 193 Iowa 851. The

defense known in law as "an alibi" has been repeatedly defined by decisions of this court. Briefly and simply stated, it means that, at the time of the commission of the crime charged in the indictment, the defendant was at a different place, so remote or distant, or under such circumstances, that he could not have committed the offense. *State v. Debner*, 205 Iowa 25; *State v. McGarry*, 111 Iowa 709. The appellant has no quarrel with this definition, but he contends that his defensive evidence should not be construed "as setting up the defense as an alibi," and that consequently the instruction given in this particular was improper and prejudicial to the defendant. We do not so construe the evidence.

The defendant Parsons lived with his father and mother on a farm four miles north of Marshalltown. He testified:

"On the afternoon of the 27th day of January, 1927 [date of the alleged crime], I was at home. We were butchering, and I was there at the place from noon until six o'clock that afternoon. I did not go down to town that afternoon."

In this statement he was corroborated by his father, mother, and one John Lane. If this testimony does not have for its purpose the proof of an alibi, the term is legally meaningless. We conclude that the trial court was justified in the deduction from the evidence.

III. The defendant was a witness on his own behalf. The State, as was its privilege, called witnesses who testified that they were acquainted with the defendant, had known him five or six years in and around Marshalltown, and knew his general reputation for general moral character in that vicinity, and that it was bad. One of these witnesses also testified that the reputation of the defendant for truth and veracity during the last several years within the community of Marshall County was bad, and the other witness testified that he was acquainted with the father, Oscar Parsons, and had been for 20 or 25 years, and that the reputation for general moral character of said Oscar Parsons in the community of Marshall County during the last few years was bad.

It is contended by the appellant that the questions should

have been limited to the reputation of the defendant at the time of the accusation in the instant case, and that an insufficient foundation was laid for the asking of the questions. There is no merit in either claim. The reputation of a witness for general moral character may be shown for the purpose of impeaching and discrediting his testimony. See *State v. Reynolds*, 201 Iowa 10. The trial court specifically instructed with reference to the general reputation in the particulars to which the questions related, wherein it is said:

"You have the right to give such fact [bad reputation] such effect in weighing the testimony of such witnesses as you may believe it entitled to, when taken in connection with all other facts and circumstances in the case bearing on the weight to be given to the evidence of such witnesses."

IV. A further assignment of error is predicated on Instruction 9 given by the court, in which the statute (Section 1922, Code of 1924) is substantially quoted, that:

"Courts and jurors shall construe the (liquor) laws of the state so as to prevent evasion."

We discover no reason why this statute should find a place in the instructions of the court in a case involving an alleged violation of the prohibitory liquor law. The jury has nothing to do with construing the law. That is the function of the court. The legislature does have power to prescribe legal definitions of its own language, and it may be conceded that, when a legislative act embodies a definition, it is binding on the courts. However, the legislature has no power to direct the judiciary in the interpretation of existing statutes. *State v. Schlenker*, 112 Iowa 642. While a legislative construction of an act is entitled to due consideration from the courts, it is in no sense binding on the court. *Slutts v. Dana*, 138 Iowa 244. See, also, 36 Cyc. 1143.

If a jury could render any obedience to Section 1922, supra, it would have to be on the evidence; and, although the statutory law may prescribe rules of evidence, it is not the function of the legislature to instruct the jury how it shall weigh evidence. We recognize that this statutory provision has frequently found

lodgment in the charge given by the trial court in cases involving violation of the liquor law, but this fact does not constitute a justification for the continuance of the use of the challenged instruction. Nor are we unmindful that the instruction given in the instant case was approved by this court in *State v. Comer*, 198 Iowa 740. We would not reverse the instant case on this ground, but we no longer approve, as a matter of practice, the giving of such an instruction.

V. Finally, it is submitted that the evidence offered on behalf of the State does not establish the guilt of the defendant beyond a reasonable doubt. As a reversal will be ordered, we will not review the evidence, or indicate any opinion relative to the sufficiency thereof to sustain the verdict on the primary issue. The judgment entered is—*Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.