STATE OF IOWA, Appellee, v. C. J. McCARTY, Appellant.

No. 39741.

APRIL 14, 1930.

*E. H. Johnson,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—I.   The indictment in this case, after reciting the usual allegations of a charge of this kind, further recites that, under Section 13400, Code, 1927, the offense charged is  subsequent to two prior convictions for felony, as follows:   On January 26, 1920, defendant was convicted and sentenced for an indeterminate period not exceeding 15 years, in the Webster County district court, of the crime of uttering a forged instrument; also, on November 19, 1924, he was convicted in Cerro Gordo County district court of the crime of larceny, and sentenced to the penitentiary for a term not exceeding 5 years.   The court submitted the question of these former convictions to the jury, and, in answer to special interrogatories, the jury found that the defendant was the same person who had been convicted in Webster and Cerro Gordo County district courts, as above set out.

It may be noted, in passing, that, in the certified record from Webster and Cerro Gordo Counties, the defendant is named "Clem McCarthy."   We have held such a difference in the spelling of the name "McCarty" and "McCarthy" to be immaterial. *State v. Merkin,* 198 Iowa 900.   We have also held that identity of name, under such circumstances alone, is not a sufficient identification of the defendant as the same person who was defendant in a former conviction, to carry the question to the jury.   *State v. Smith,* 129 Iowa 709; *State v. Merkin,* supra; *State v. Logli,*

204 Iowa 116; *State v. Lambertti,* 204 Iowa 670; *State v. Parsons,* 206 Iowa 390.

In the *Smith* case, supra, we said:

"The statute provides for the introduction of authenticated copies of the judgments alleged in proof prima-facie thereof. But the State may not stop there. The identity of the defendant as the person who suffered such former convictions remains to be proven. We grant that the identity of names may be some evidence of the identity of persons; but, standing alone, it is not enough. Every fact essential to the infliction of legal punishment upon a human being must be proven beyond a reasonable doubt. And it would amount to a travesty to say that a prima-facie case for an increased term of punishment could be made out against John Smith, being tried in Linn County, by showing the isolated facts that a man passing under that name had at some time or other been convicted in the courts of Lee County; likewise in Lyon County. And the almost unbroken voice of authority is against such a conclusion."

Under the record in the case before us, the question at this point is: Was there sufficient identification of the defendant to take the question of former convictions to the jury? .

The court, under authority of *State v. Smith,* supra, rightfully instructed the jury that the burden was upon the State to prove each of the former convictions beyond a reasonable doubt. The State attempted to supply this necessary evidence by the testimony of the sheriff of Webster County. He did not, from his personal knowledge, identify the man now on trial as the Clem McCarty who was convicted in Webster district court on a charge of uttering a forged instrument, but testifies to a conversation with the defendant concerning former convictions, which is as follows:

"Well, as I remember, I asked him [the defendant] something about the time he spent down at Fort Madison on other convictions. I think I asked him something about when he was down there the first time, the other time. I didn't ask him because I seen him there, different times when I would be there. I knew he was there. Well, he told me he was sent from Fort

Dodge, from here, the first time. He said it was on a charge of forgery. He said he was sentenced for 15 years.''

The indictment charged as one of his former convictions a sentence from Webster County for uttering a forged instrument. If we should give full force to this as an admission, it would not be sufficient to fill the requirements of the statute in this respect. When a charge of a former conviction of this kind is made, the admission of the defendant to a witness that he was convicted at the time and place and for the crime charged in the indictment would be held to make a prima-facie case for the State; but what was admitted by the defendant here to the sheriff in no way measures up to this requirement. This being true, the State failed to make out a prima-facie showing of the former conviction in Webster County, and without that, there could be no rightful conviction under the Habitual Criminal Act.

II. The court in its instructions told the jury that, if it found the defendant guilty, it should fix the value of the property stolen, and also submit a special interrogatory, as follows:

''Do you find that the value of the radio set in question was in excess of $20?'' The complaint against these instructions and this interrogatory is that the term ''market value'' should have been used, instead of the simple word ''value.''

Evidence was introduced by the State, however, without objection, as to the wholesale and the retail price of the radio set which was stolen. In *State v. Lewis*, 144 Iowa 483, certain surgical instruments and two cases of eyeglasses were stolen from a physician's office, and the witness, whose property was stolen, showed by his examination that he knew nothing of the market value of the instruments,—if, indeed, they had any secondhand market value at the time, although he stated that such instruments had a secondhand market value, which he did not know. Notwithstanding this testimony, the court permitted the witness to testify as to the cost of these instruments at the time he purchased them, and the probable cost if purchased new at the time they were taken. It was claimed that this was prejudicial error, but this court held otherwise. We think, under the record in this case, that this objection of the defendant's was not well founded.

III. An instruction was given, covering the question of recent possession of stolen property, which instruction is severely assailed. This kind of instruction has been the source of fruitful discussion in various opinions of this  court. Suffice it to say, the court cannot tell the jury, as a matter of law, that the unexplained possession of recently stolen property warrants a conviction. The rule, as we have announced it, is that this question is left to the jury, and the jury should be told that they may find the unexplained possession of recently stolen property sufficient to warrant a conviction.

IV. Instruction 10 reads as follows:

"You are instructed that, under the law of this state, all persons concerned in or engaged in the commission of a crime, whether they directly commit the act constituting the offense or knowingly aid, abet, or assist or encourage the same, are deemed to be principals in any crime so committed, and may be convicted as such. So, in this case, if you find that the State has established beyond a reasonable doubt that the defendant aided, abetted, assisted, advised, or encouraged any other person to commit the crime charged in the indictment, you should return a verdict of guilty. If, however, on the whole evidence, and in the light of the law as given you in all of these instructions, when considered and construed together, you have a reasonable doubt of the guilt of the accused, it is your duty to acquit him."

It is to be noted that, in the first part of the instruction, the court advises the jury as to aiding, abetting, assisting, or encouraging *knowingly* done; while in the latter part of the instruction, when he advanced the principle laid down in the first part of the instruction, the word "knowingly" is omitted. This was error, in that, in the first place, the instruction conflicts with itself, and in the second place, knowledge is a necessary element to constitute an accessory. *State v. Empey*, 79 Iowa 460.

Some complaint is made as to other instructions, in that they are not broad or comprehensive enough; but, so far as we

178

observe, they accurately state the law. Defendant requested no instructions, and if he objected to them on the grounds above stated, he should have asked for an elaboration thereof.

It is to be remembered that, in cases of this kind, where it is sought to impose a more severe penalty for second or subsequent convictions under a statute so providing, the statutes must, like all criminal statutes, be strictly construed. *Rohlf v. Kasemeier*, 140 Iowa 182; *State v. Olson*, 200 Iowa 660.

Some other questions are raised, especially the question of a *nunc pro tunc* judgment; but, as they are not likely to arise on a retrial of the case, we give them no attention.

For the errors heretofore pointed out, the case is—*Reversed and remanded.*

MORLING, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.