OPINION OF THE COURT
Benjamin Altman, J.
The defendant was indicted on four counts, including one of attempted murder. Just prior to the voir dire of the jury, defendant’s counsel stated that as part of defendant’s case he *563 would introduce into evidence the defendant’s Dominican Republic passport which allegedly would show that at the time of the attempted murder the defendant was not in this country.
The People moved pursuant to CPL 250.20 for an adjournment. The People contend that although a passport does not necessarily fall into the definition of a witness, i.e., "one who, being present, personally sees or perceives a thing; a beholder, spectator, or eyewitness” (Black’s Law Dictionary [4th ed]), that the spirit of the section was such that the defendant was using the passport in fact as an alibi witness. Moreover, if the passport were permitted to be introduced as a business record, the official testifying would be testifying that the document (passport) shows that the defendant was not at the time or in the place when the alleged crime was committed. The People stress that the official in effect would be testifying to an alibi.
Defendant states that a passport is a document that can be introduced into evidence subject to the rules thereto and therefore no notice need be given pursuant to the statute because a witness is a person and a document is not a person.*
CPL 250.20 (subd 3) states: "If at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi, or if having served such a notice he calls a witness not specified therein, the court may exclude any testimony of such witness relating to the alibi defense. The court may in its discretion receive such testimony, but before doing so, it must, upon application of the people, grant an adjournment not in excess of three days.”
Generally speaking, in law a witness is one who is called to testify before a court.
An alibi is a form of defense whereby a defendant attempts to prove that he was elsewhere when the crime in question was committed (Black’s Law Dictionary [4th ed]). The defendant attempts to show that at the time of the commission of the crime charged, the defendant was at a different place so remote or distant or under such circumstances that he could not have committed the offense (State v Parsons, 206 Iowa 390).
A passport is a document. As stated in Black’s, it is "[a] *564 warrant of protection and authority to travel, granted by the competent officer to persons moving from place to place.” A document is "[a]n instrument on which is recorded, by means of letters, figures, or marks, matter which may be evidentially used.”
Broadly speaking the intent of the alibi statute is to give the People an opportunity to check information that in effect states to the jury that at the time and place of the alleged crime the defendant was elsewhere.
If a passport were permitted into evidence as a business record, an official of the Dominican Republic Consul would appear and testify as to the authenticity of the passport and the regular procedure cited therein. The end result would be a witness testifying to an alibi, i.e., that the defendant at the time and place "was at a different place, so remote or distant * * * that he could not have committed the offense.” (State v Parsons, supra, p 395.)
The requirement that an accused person give notice to the prosecutor of his intention to rely on alibi as a defense is usually based on statutory authority.
The purpose of the alibi statutory scheme is to afford the prosecutor an opportunity to thoroughly investigate the merits of the alibi, for the alibi is one defense which is easy to manufacture (see People v Rakiec, 289 NY 306).
The passport (a document) as presented would be a catalyst in bringing a witness into the proceedings to testify to the procedures for stamping a passport. The People should be given time to investigate the procedures, i.e., accuracy of same, the possibility of a forged document, time factors (could one have committed the crime and still have arrived in the Dominican Republic at the time stamped on the passport?). The importance of this must be realized in terms of the offense charged — attempted murder — and the fact that the defendant says a document, his passport, indicates he did not commit the offense.
It is not important whether or not we ultimately classify the document itself as a "witness”.
A document is not a "witness” within the purview of the constitutional right of an accused to be confronted by a witness against him (State v Kelly, 52 Wn 2d 676).
Of course, there is the evidence concept. Legal evidence is *565 not confined to the human voice or oral testimony; it includes every tangible object of making a truthful statement.
In oral evidence the witness is the individual who speaks; in documentary evidence it is the thing or object that speaks. In both cases the competency of the witness must be proven before it is admitted.
The difference is that in the oral evidence the competency is shown by a legal presumption, and in the documentary evidence the competency must be proven by actual testimony (see Curtis v Bradely, 65 Conn 99).
Again, the court, looking at the circumstances, would conclude that the passport plus the testimony would provide, in substance, alibi testimony for the defendant. Therefore, pursuant to the statutory scheme of CPL 250.20, the People must be notified of the introduction of the document.
People’s claim of surprise is realistic and the court grants the motion for a reasonable adjournment.

 Interestingly, in the fourth printing of the American Heritage Dictionary of the English Language, one of the definitions of "witness” is anything that serves as evidence.