■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CASERTA, Appellant.—Judgment of the Supreme Court, New York County (Jerome Marks, J.), rendered May 22, 1987, convicting defendant after a jury trial of murder in the second degree, criminal possession of a weapon in the second and third degrees, and robbery in the first and second degrees, and sentencing him to concurrent, indeterminate terms of imprisonment of fifteen years to life, six to twelve years, four to eight years (two terms), and two and one-half to five years, unanimously affirmed.

Defendant was convicted after trial of murdering Maurice Egerton, whose body was found lying on Greene Street on March 29, 1986. After a brief investigation, defendant was arrested in Florida and on April 24 returned to this state. On October 24 defendant gave oral notice of his intent to establish that he was at a Florida motel at the time of shooting. On March 11, 1987, directly following denial of defendant's motion to suppress identification evidence the trial began. After some preliminary testimony was taken the prosecutor obtained permission to take handwriting exemplars from defendant. Days later the prosecutor sought leave of the court to serve notice that he intended to call alibi rebuttal witnesses.

The court denied the appeal insofar as it pertained to a Florida detective who had interviewed defendant's witness, but ruled that the prosecutor could introduce evidence that defendant signed a registration form at a Florida motel under an assumed name after the murder had been committed. On appeal defendant urges that the court abused its discretion, claiming, *inter alia,* that the prosecutor had sandbagged his defense.

We find that no error occurred. The prosecutor did not serve his request within "a reasonable time after receipt of the defendant's witness list but not later than ten days before trial" (CPL 250.20 [2]), but the court's ruling was fair on the circumstances presented. At the outset, defendant's notice of alibi was served months after his arraignment on the second indictment that was filed in this case. Moreover the record shows that the court carefully considered the application. Noting that the prosecutor could have given earlier notice of his intent to call the detective who had interviewed defendant's witness, the court denied that branch of the prosecutor's request. On the other hand the court reasonably found that the evidence concerning the registration card was "different" and the prosecutor did represent that the evidence about the registration form was still under development. Together these circumstances constitute "good cause". (CPL 250.20 [2].) Significantly, when the court decided the prosecutor's application, the court was aware that the prosecution had proof that the registration form signed by "Frank Divito" had been prepared by defendant. Defendant now argues that he needed time to investigate whether the registration card was a forgery, but the time honored understanding is that the alibi defense, not its rebuttal, is easy to manufacture. *(People v Ruiz,* 100 Misc 2d 562, 564, citing *People v Rakiec,* 289 NY 306.)

The extent of the prosecutor's efforts to obtain registration form and the timing of his realization that the registration form was likely connected to defendant are not substantiated by the record, but defense counsel's concern with game playing did not raise a serious challenge that the prosecutor was not being candid when he claimed he did not know whether he might in the end not offer the evidence that he was endeavoring to obtain. *(Cf., People v Foy,* 32 NY2d 473, 476.) Until the registration form and defendant's exemplars were examined the prosecutor did not know if he had evidence that defendant registered under an assumed name at the very motel at which the alibi witness allegedly had seen defendant

under an assumed name sometime after the killing. Moreover the court made its ruling before any prejudice could have inured to the defense. Defendant had not yet called his alibi witness, was not committed to his alibi by dint of counsel's opening remarks, and was entitled to a three day adjournment. (CPL 250.20 [3], [4].) Further the court indicated its willingness to let the defense have its own expert examine the registration form if so desired. Accordingly, we do not view the prosecutor's late notice as no notice at all to the defense.

Acceptance of any excuse offered by the prosecution might serve to undermine the reciprocal discovery rule depending upon the circumstances, but defendant's claim that a "continuance of three days, or even three hundred days" would not have been sufficient does not withstand analysis. There is no dearth of handwriting "experts" in New York, to examine the registration form during the presentation of the prosecutor's direct case or during an adjournment. Accordingly the "fact-finding process" *(see generally, People v Bush,* 33 NY2d 921, 923) was not impaired by giving the prosecutor the opportunity to rebut defendant's alibi.

We have considered defendant's *pro se* arguments contained in his supplemental brief and find them unpreserved or meritless. Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.