**STATE of Iowa, Appellee,**

v.

**Darren Earl SANBORN, Appellant.**

No. 96–597.

Supreme Court of Iowa.

May 21, 1997.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Richard R. Phillips, County Attorney, and Kerrie L. Snyder, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

Defendant Darren Earl Sanborn appeals his convictions, following a jury trial, for the crimes of third-degree burglary, Iowa Code § 713.6A (1995), and possession of a firearm by a felon, Iowa Code § 724.26. His appeal focuses on the firearm possession charge. He alleges insufficiency in the State's proof of his status as a felon, and his counsel's ineffectiveness in precisely alerting the district court to the error he now claims. Finding merit in Sanborn's contentions, we affirm the burglary conviction but reverse his conviction under section 724.26.

A Muscatine County sheriff's deputy stopped Sanborn for failure to dim the headlamps on his vehicle. When the deputy approached Sanborn's car, he noticed the passenger compartment packed full of electronics equipment and household items, including pillowcases stuffed with plastic compact disc cases. When asked about the items, Sanborn stated that he had just broken up with his wife and was in the process of moving from Illinois to Iowa.

Sanborn was unable to produce a driver's license, so he gave the deputy his full name, social security number, and an Illinois address. As the deputy relayed the information to the radio dispatcher, he was notified that a residential burglary had just been reported in the vicinity; in particular, the crime victim reported missing stereo equipment, a dual tape VCR, and compact discs. Noting the similarity between this description of stolen items and what he just observed in Sanborn's car, the deputy sought—and received—Sanborn's permission to search the vehicle.

The search yielded two shotguns in the trunk. These weapons, along with the electronics equipment, were eventually identified as property belonging to the burglary victim. Tire tracks and a distinctive oil leak also linked Sanborn's vehicle to the crime scene.

Sanborn was charged with third-degree burglary and possession of a firearm by a felon. The firearm possession charge stemmed from computerized criminal history data received by the deputy at the time of Sanborn's arrest. Data from the State of Florida revealed that in November 1986 a defendant named Darren Earl Sanborn was adjudicated guilty following a nolo contende-

re plea to second-degree grand theft auto. The record also disclosed that imposition of sentence was withheld and the defendant was placed on two years probation.

At trial the State tendered a copy of the Florida judgment bearing the name of Darren Earl Sanborn. The document was certified by the clerk of the St. Lucie County (Florida) Circuit Court. Sanborn's counsel objected to the document's admissibility on hearsay grounds. The State countered that the exhibit—a certified public document— was admissible without foundation. The district court overruled Sanborn's objection and admitted the exhibit into evidence.

The State also offered, without objection by defense counsel, a photocopy of Florida Statutes section 812.014 (1993), purporting to show that grand theft auto constitutes a felony in Florida. Based on this exhibit, the court so instructed the jury as a matter of law.

At the close of the State's case, Sanborn moved for a directed verdict. His counsel argued, in pertinent part, that the State's evidence was insufficient to identify Sanborn as the same person shown on the Florida criminal judgment for purposes of establishing a violation of section 724.26. The court overruled the motion. The jury returned verdicts finding Sanborn guilty as charged, and the court imposed concurrent terms of five years each on the convictions. This appeal by Sanborn followed.

I. Sanborn first contends the district court erroneously admitted evidence of the Florida court record in violation of the authentication requirements of Iowa Code section 622.53.[1] Insufficient authentication, however, was not the objection to the document urged at trial. Sanborn's counsel opposed the introduction of the document on hearsay grounds. The State on appeal concedes the hearsay nature of the exhibit, but contends it came within the hearsay exception of Iowa Rule of Evidence 803(8) as a public record.[2]

The State also concedes on appeal that the Florida record—attested by the clerk of court but not by a judicial officer— might not meet the technical requirements of section 622.53. It nevertheless argues the error, if any, has not been preserved for appellate review. We agree. A defendant may not rest an objection on one ground at trial, and rely on another for reversal on appeal. *State v. Goodson,* 503 N.W.2d 395, 399 (Iowa 1993); *State v. Hollins,* 397 N.W.2d 701, 707 (Iowa 1986). Neither opposing counsel nor the court was alerted at trial to the error defense counsel now claims. Fairness and considerations of judicial economy dictate that we not consider a contention for the first time on appeal. *Hollins,* 397 N.W.2d at 707.

II. We turn, then, to Sanborn's second argument: the State failed to establish sufficient proof of identity between Sanborn and the defendant named in the Florida judgment to sustain a conviction under section 724.26.[3] Sanborn's argument rests largely on the fact that the Florida document itself reveals no details—but for the same name—linking it to the defendant here. Under Iowa law, identity of names—standing alone—is insufficient to establish identity of persons. *State v. Post,* 251 Iowa 345, 349, 99 N.W.2d 314, 317 (1959); *State v. Smith,* 129 Iowa 709, 714, 106 N.W. 187, 189 (1906).

Sanborn preserved his challenge to the sufficiency of the identification evidence

---

1. The statute states, in pertinent part:

    A judicial record ... of another state may be proved by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of a [judicial officer] that the attestation is in due form of law.
    Iowa Code § 622.53.

2. The rule provides an exception for

    records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to a duty imposed by law and as to which there was a duty to report....
    Iowa R. Evid. 803(8).

3. The criminal statute pertinently provides:

    A person who is convicted of a felony in a state or federal court and who knowingly has under the person's dominion and control ... a firearm or offensive weapon is guilty of a class "D" felony.
    Iowa Code § 724.26.

by motion for judgment of acquittal. The scope of our appellate review from the denial of such a motion is well established:

> Our review of a substantial evidence claim is on error. We are bound by the jury verdict unless the verdict is not supported by substantial evidence. In making this determination, we must consider all the evidence in the light most favorable to the State. We accept all legitimate inferences that may fairly and reasonably be deducted from the evidence. Evidence is substantial if it could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. Direct and circumstantial evidence are equally probative. Evidence, whether direct or circumstantial, must however do more than create speculation, suspicion or conjecture.

*State v. Bayles,* 551 N.W.2d 600, 608 (Iowa 1996) (citations omitted).

Contrary to Sanborn's argument, the record contains more than the bare Florida judgment to sustain the State's proof on the essential element of identity. Crucial to the State's case is the deputy's testimony. He testified that he submitted not only Sanborn's full name to the national crime computer system, but other identifying information furnished by Sanborn himself—his social security number and date of birth. A reasonable jury could infer from this testimony that the match resulted, not from mere identity of names, but from a correlation with the other data as well. In contrast to the *Smith* case Sanborn relies on, the relative uniqueness of Sanborn's full name would reinforce—not discredit—the jury's factual finding. *See Post,* 251 Iowa at 350, 99 N.W.2d at 318 (observing "[i]t is apparent John Smith is a much more common name than Omer E. Post" in upholding jury's verdict for enhanced punishment based on former conviction); *cf. Smith,* 129 Iowa at 714, 106 N.W. at 189 (noting "travesty" of suggesting prima facie case against John Smith could be made by showing isolated fact of prior conviction by person "passing under that name" in other counties).

■ It appears the State could have done more to conclusively link the Florida record to Sanborn. The Florida judgment, for example, contains fingerprints which might have been—but were not—identified by expert testimony as belonging to Sanborn. We nevertheless conclude that the record contains sufficient proof, beyond mere identity of names, from which a rational jury could find Sanborn previously convicted in Florida. No ground for reversal appears.

■ III. Sanborn's third—and, we think, dispositive—argument relates to the State's proof that Sanborn's former Florida conviction constituted a felony. For purposes of prosecution under section 724.26, felony is specially defined as "any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year." Iowa Code § 724.25. The district court concluded that "grand theft auto second degree" in Florida meets Iowa's definitional requirement of felony and instructed the jury on the point as a matter of law. For the reasons that follow, we conclude the record was insufficient to sustain the court's legal conclusion. Moreover, defense counsel's failure to object to the court's ruling materially prejudiced the defendant.

■ A. Where the predicate felony underlying prosecution for a violation of section 724.26 occurs in another state, that state's punishment must satisfy the Iowa definition. *Saadiq v. State,* 387 N.W.2d 315, 320 (Iowa 1986). To prove this essential element of the crime, the State tendered a photocopy of the 1993 Florida Statutes section 812.014. A review of the photocopied statute, admitted in evidence as part of State's exhibit 10, plainly reveals that grand theft in the second degree is punishable "as a felony of the second degree *as provided in* s. 775.082, s. 775.083, or s. 775.084." (Emphasis added.) Nowhere in the exhibit, however, are the penalty provisions included. Moreover, the record contains no proof that the conviction for which Sanborn was allegedly convicted in *1986* is the same as that described in the photocopied *1993* version of the Florida Statutes.

Our research reveals that under the 1986 Florida theft statute, second-degree grand theft was punishable as a *third-degree felony.* This reconciles the "3F" notation under "de-

gree of crime" on exhibit 10. Thus we conclude that not only does the photocopied statute fail to furnish the proof required under section 724.25, it inaccurately portrays Sanborn's prior crime.

 B. Both parties agree that Sanborn's trial counsel failed to preserve error on the evidentiary insufficiency just described. *See State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) (to preserve error, motion for judgment of acquittal must include grounds supporting reversal on appeal); *State v. Geier*, 484 N.W.2d 167, 170 (Iowa 1992) (same). Appellate counsel now urges reversal based on ineffectiveness of counsel. To prevail on this Sixth Amendment claim, Sanborn must prove (1) that trial counsel's performance was deficient and (2) counsel's deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Shumpert*, 554 N.W.2d 250, 254 (Iowa 1996). On the first element, Sanborn must prove counsel's performance fell outside the normal range of competency. *Crone*, 545 N.W.2d at 270. To prove prejudice Sanborn must establish that but for counsel's error the outcome of the trial would have been different. *Id.*

On the question of performance, we can conceive of no reasonable trial strategy that would explain why Sanborn's counsel permitted the State to sidestep its burden of proving an essential element of the felon-in-possession-of-a-firearm charge. We have stated that "absent defendant's concession or admission made of record, the State, as part of its case in chief, was required to show defendant's status as a felon." *State v. Walton*, 311 N.W.2d 110, 112 (Iowa 1981). Counsel, in effect, conceded the point by failing to object to the trial court's intention to take judicial notice of the 1993 Florida statute. The court assumed without proof that punishment for the crime exceeded one year, a critical error counsel failed to preserve in his motion for judgment of acquittal.

Sanborn also makes a strong case on the prejudice prong of the *Strickland* test. Had counsel alerted the trial court that the record contained insufficient evidence, the court would have been justified in directing a verdict in favor of Sanborn based on lack of substantial evidence on an essential element of the crime. Compounding the error, the court instructed the jury that "grand theft auto in the second degree is a felony in the State of Florida." Thus the jury was not even permitted to draw its own factual conclusion as to whether or not the State met its burden of proof. *See* Iowa R. Evid. 201(g) (in criminal case, court shall instruct jury "that it may, but is not required to, accept as conclusive any fact judicially noticed").

Trial counsel's failure to challenge the sufficiency of the State's proof concerning the firearm charge requires reversal of that conviction. Based on the overwhelming proof against Sanborn on the third-degree burglary charge, however, we are unable to conclude the error tainted that verdict. We therefore affirm the district court's judgment and sentence for third-degree burglary.

**AFFIRMED IN PART AND REVERSED IN PART.**