STATE of Iowa, Appellant,

v.

Randy Lee TALBERT, Appellee.

No. 00–0146.

Supreme Court of Iowa.

Feb. 14, 2001.

**298**

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Victoria Siegel, County Attorney, and Mark Tremmel, Assistant County Attorney, for appellant.

Steven Gardner of Kiple, Kiple, Denefe, Beaver & Gardner, L.L.P., Ottumwa, for appellee.

LAVORATO, Chief Justice.

We granted the State's application for discretionary review, challenging a district court finding that there was insufficient evidence to establish a prior violation of a foreign state's driving-while-intoxicated statute necessary to subject the defendant, Randy Lee Talbert, to an enhanced penalty for a present OWI violation. We affirm.

### I. Background Facts and Proceedings.

The State charged Talbert in a trial information with OWI, second offense, in violation of Iowa Code section 321J.2(1) (Supp.1997). The trial information alleged that this was Talbert's second offense based on a 1988 judgment entered against him in Tennessee.

Talbert pleaded guilty to the OWI offense but requested a trial on the issue of the prior conviction, which the district court set for a later date. That issue was tried to the court.

During trial, the State offered, and the court received, into evidence an authenticated docket entry from Tennessee showing a judgment entry against an individual identified as Randy Lee Talbert. The docket entry showed an Iowa driver's license number matching the defendant's license number. The judgment entry did not identify the offense by code section. However, the entry did contain the following reference: "TRAFFIC–DWI–INFLU-ENCE OF LIQUOR." The judgment entry also contained language suspending Talbert's driver's license and ordering him to complete an alcohol abuse program.

The State also offered into evidence a photocopy of Tennessee Code Annotated section 55–10–401 and asked the court to take judicial notice of it. This provision prohibits a person under the influence of an intoxicant from operating a motor vehicle on a public road. The court admitted the photocopy over Talbert's objection that the judgment entry did not identify this particular code section as the one supposedly violated.

At the close of the State's evidence, Talbert moved to dismiss on the ground that the State had failed to generate a fact issue on the element of a prior OWI offense. In support of his motion, Talbert argued that

the sole piece of evidence introduced by the State with regard to a claim that the defendant had a prior offense in 1988 consists of [the judgment entry]. As indicated, there are three separate charges set forth.... One says traffic, one says DWI, one says influence of liquor. And the judgment entry does not make a finding of the offense for which the defendant was being found guilty, nor does it contain a code section for which the court can take judicial notice. Without the State having introduced the record showing the Code section for which the defendant was convicted, the court cannot take judicial notice that it consisted of a statute substantially similar or substantially corresponding to Iowa Code section 321J.2. And without that information, the State has clearly failed to meet its burden of proof beyond a reasonable doubt.

Following the bench trial, the district court entered a ruling finding Talbert guilty of OWI, first offense. The court found that Talbert was the same person in the Tennessee judgment entry and that Tennessee Code Annotated section 55–10–401 substantially corresponded to Iowa Code section 321J.2. *See* Iowa Code § 321J.2(4)(c) (providing that convictions under statutes of other states that substantially correspond to section 321J.2 are counted as previous offenses and permitting courts to take judicial notice of statutes of other states defining offenses substantially equivalent to the one defined in section 321J.2 and to therefore consider them as corresponding statutes).

The court, however, found that the State had failed to prove that the Tennessee conviction was for a violation of Tennessee Code Annotated section 55–10–401. The court referred to the Tennessee conviction as "an element" of OWI second offense requiring proof "beyond a reasonable doubt." The court determined that the reference to "TRAFFIC–DWI–INFLU-ENCE OF LIQUOR" in the judgment entry was not sufficient to meet the burden of proof.

Later, the court amended its ruling to delete references to the Tennessee convic-

tion as "an element" of OWI second offense. The court, however, again referred to the burden of proof as "beyond a reasonable doubt." In addition, the court again concluded that the State had not established that the conviction in the Tennessee judgment entry was for a violation of Tennessee Code Annotated section 55–10–401.

## II. Issues.

The State contends here that the district court erred in determining it had not established that the conviction in Tennessee was for a violation of Tennessee Code Annotated section 55–10–401. Additionally, the State contends that the district court erroneously applied the "beyond a reasonable doubt" standard as to the Tennessee conviction and that, regardless of the standard of proof, it presented sufficient evidence to meet its burden.

We first consider whether the district court applied the correct standard of proof and then consider whether the evidence was sufficient to prove the prior conviction in Tennessee.

## III. Procedural Issue.

█ Before proceeding to the merits, we must dispose of the State's contention that the district court erred in considering Talbert's contention that he had not previously been convicted of OWI because his objection was untimely. The contention is premised on Iowa Rule of Criminal Procedure 18(9), which provides:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions that by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that he or she is identical with the person previously convicted. . . . If the offender denies he or she is the person previously convicted, sentence shall be postponed for such time as to permit a trial before

a jury on the issue of the offender's identity with the person previously convicted. *Other objections shall be heard and determined by the court, and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in [rule of criminal procedure] 10.*

Iowa R.Crim.P. 18(9) (emphasis added).

The State argues that Talbert's objection to the Tennessee judgment as proof of a conviction under Tennessee Code Annotated section 55–10–401 falls within the "other objections" category and thus should have been raised before trial. Because it was not so raised, the State asserts the district court should not have addressed the matter in the identity phase of the trial.

We reject the State's contentions. The State never resisted Talbert's motion to dismiss on the basis that the grounds of his motion were untimely because he did not raise them by a pretrial motion according to rule 18(9). By its action, the State waived the objection it now makes. We therefore have nothing to review on this issue. *See State v. Manna,* 534 N.W.2d 642, 644 (Iowa 1995) (holding that issues must be presented to and passed upon by the district court before they can be raised and decided on appeal).

Additionally, to prove the prior conviction, the State had to prove identity. According to rule 18(9), the court had to submit that issue to the jury. *See* Iowa R.Crim. P. 18(9) ("On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled."). Because Talbert pleaded guilty to OWI, first offense, the court rather than a jury decided the identity issue. (Neither party objected to the court trying the identity issue.) Because the State chose to prove identity with the Tennessee judgment entry and the photocopy of the Tennessee statute, that evidence was "fair game" and

therefore subject to proper objection and rejection by the court.

## IV. Did the District Court Err in Applying the Reasonable–Doubt Standard?

█ In *State v. Schultz,* we held that, when a prior OWI violation is used to enhance the punishment for an OWI offense, the prior violation is not an element of the crime charged. 604 N.W.2d 60, 62 (Iowa 1999). The State seizes on this holding and several United States Supreme Court cases to support its position that due process allows it to prove the prior violation by a standard of proof lower than "beyond a reasonable doubt."

We reject the State's contention. Notwithstanding what we said in *Schultz,* this court has long held that the State must prove OWI convictions for enhanced OWI purposes beyond a reasonable doubt before the court can impose the enhanced penalties. *See, e.g., State v. Griffin,* 257 Iowa 852, 854, 135 N.W.2d 77, 78 (1965); *State v. Eichler,* 248 Iowa 1267, 1270–72, 83 N.W.2d 576, 577–78 (1957); *State v. Gardner,* 245 Iowa 249, 252, 61 N.W.2d 458, 460 (1953); *State v. Barlow,* 242 Iowa 714, 719, 46 N.W.2d 725, 728 (1951); *see also* Iowa R.Crim. P. 18(9). We reaffirm the holding of these cases.

## V. Did the State Prove the Prior Conviction Beyond a Reasonable Doubt?

█ The State's final contention is that it proved the prior conviction regardless of what burden of proof applies. We disagree.

█ Findings of fact in a bench trial have the effect of a special verdict. Iowa R.App. P. 4. The district court's findings are binding on us if those findings are supported by substantial evidence. *Claus v. Whyle,* 526 N.W.2d 519, 523 (Iowa 1994). "We view the evidence in its light most favorable to the judgment, and we construe the findings of the trial court liberal-ly to uphold, rather than defeat, the result reached." *Id.*

The State poses the following argument: The Tennessee judgment entry included the terms "traffic," "DWI," and "influence of liquor." The judgment was therefore entered for an offense involving driving and intoxication. The term "DWI" links the judgment to the Tennessee statute, which is entitled "Driving While Intoxicated." In addition, the judgment entry stated that Talbert's driver's license had been revoked and that he had been ordered to complete an alcohol abuse program. These measures were imposed because of Talbert's conviction of DWI. Finally, Iowa Code section 321J.2 does not require that the out-of-state judgment expressly note the statutory provision of the other state that was violated.

Iowa Code section 321J.2 provides in pertinent part:

> 4. In determining if a violation charged is a second or subsequent offense for purposes of criminal sentencing or license revocation under this chapter:
>
> . . . .
>
> c. Convictions or the equivalent of deferred judgments for violations in any other states under statutes substantially corresponding to [section 321J.2] shall be counted as previous offenses. The courts shall judicially notice the statutes of other states which define offenses substantially equivalent to the one defined in [section 321J.2] and can therefore be considered corresponding statutes.

Iowa Code § 321J.2(4)(c).

█ The State is correct when it argues that this language does not require a foreign judgment to expressly note the specific statutory provision violated in the prior offense. Furthermore, in determining whether a defendant has committed a prior offense for enhancement purposes, a judgment upon which the State seeks to rely in proving its case need not, even in

general terms, identify the prior offense. *See Gardner*, 245 Iowa at 258–61, 61 N.W.2d at 464–65.

■ However, when the judgment entry does not designate the offense in the prior judgment, the State must supplement the judgment entry in that respect by introducing other parts of the record that do show the crime which was charged and for which the defendant was convicted and sentenced. *Id.* at 261, 61 N.W.2d at 465. Additionally, section 321J.2(4)(c) requires that the foreign statute and the Iowa statute substantially correspond to one another. Therefore, the State must in some way connect the statute violated in the prior conviction with the statute allegedly violated in the pending case.

Viewing the evidence in the light most favorable to the judgment, we conclude there was insufficient evidence to connect Tennessee Code Annotated section 55–10–401, Talbert's prior conviction, and his current offense. As mentioned, the Tennessee judgment entry does not show the Code section Talbert violated. Nor has the State introduced any evidence from the record in the Tennessee case that might connect that judgment with Tennessee Code Annotated section 55–10–401. For example, the State did not offer a formal charge or a transcript of the criminal proceedings tending to establish that Talbert was tried and convicted of violating Tennessee Code Annotated section 55–10–401.

We faced an analogous situation in *State v. Sanborn*, 564 N.W.2d 813 (Iowa 1997). In *Sanborn*, the defendant was convicted of possession of a firearm by a felon. 564 N.W.2d at 815. To prove the defendant's status as a felon, the State attempted to prove that the defendant's prior Florida conviction in 1986 constituted a felony. To prove this fact, the State introduced a photocopy of a 1993 Florida statute that the defendant had allegedly violated. *Id.* at 816. We found the evidence insufficient to establish the defendant's status as a felon. *Id.* at 817. Significantly, we noted that the exhibit contained no penalty provisions and there was no record evidence that the violation for which the defendant was allegedly convicted in *1986* was the same as that described in the photocopied *1993* version of the statute.

We conclude the record in this case supports the district court's finding that there was insufficient evidence Talbert violated Tennessee Code Annotated section 55–10–401. For that reason, the State has failed to prove beyond a reasonable doubt the prior violation necessary to subject Talbert to an enhanced penalty for OWI.

## VI. Disposition.

Because the State failed to prove beyond a reasonable doubt the prior violation necessary to subject Talbert to an enhanced penalty for OWI, we affirm the district court's judgment.

**AFFIRMED.**