# IN THE COURT OF APPEALS OF IOWA

No. 13-0529
Filed June 25, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LAURA DANIELLE NEMETH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Defendant appeals her conviction for operating while intoxicated. **AFFIRMED.**

Richard A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Stephen Holmes, County Attorney, and Tyler Eason, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Defendant appeals her conviction for operating while intoxicated. We find the district court did not err in its conclusion the officer did not have an affirmative duty to inform a detained person of the people who may be called or the purposes for which a call may be made. Defendant failed to preserve error on a claim regarding the wording of a document concerning her rights under Iowa Code section 804.20 (2011). We find no error in the district court's conclusion the deputy did not unreasonably limit the defendant's ability to make telephone calls. We affirm her conviction.

### I. Background Facts & Proceedings

Laura Nemeth was charged with operating while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2. At the time she was stopped, she had a strong odor of alcohol; had bloodshot, watery eyes; and failed field sobriety tests. A breath test showed Nemeth had an alcohol concentration of .207, which is above the legal limit. She filed a motion to suppress, claiming she had been denied her right to make telephone calls, as permitted by section 804.20.

A suppression hearing was held February 27, 2013. Deputy Dillon Combs testified that after he arrested Nemeth he transported her to the county jail. During the trip, which took about twenty-five minutes, Nemeth had her cell phone, and Deputy Combs told her she could make calls. At the jail, Deputy Combs read Nemeth the implied consent advisory and asked "if she wanted to

make any phone calls for any reason."[1]  Nemeth stated she wanted to call her father and did so.  Nemeth then signed a document entitled, "Right to Consult an Attorney or Family Member," which included the statement, "By signing below I acknowledge that I have made all the phone calls I wish to make."  After this, the deputy requested Nemeth give a breath specimen.  The district court denied the motion to suppress on the record at the hearing.

Nemeth waived her right to a jury and agreed to a trial to the court on the minutes of evidence.  The court found her guilty of OWI.  Nemeth was sentenced to two days in jail and ordered to pay a fine.  She now appeals.

## II.  Standard of Review

Our review of the court's interpretation of section 804.20 is for the correction of errors at law.  *State v. Walker*, 804 N.W.2d 284, 289 (Iowa 2011).  "We affirm the district court's suppression ruling when the court correctly applied the law and substantial evidence supports the court's fact-finding."  *Id.*

## III.  Merits

**A.**  Nemeth claims the deputy should have informed her of the persons and purposes for which she could make a telephone call under section 804.20.  The district court ruled, "He didn't have to tell her why she could make calls.  He didn't have to tell her who she could call.  He offered her to make any telephone calls she wanted to, which she did."

Section 804.20 provides, in part:

---

[1] Nemeth cross-examined the deputy on his testimony that he included the phrase, "for any reason."  We agree with the district court's conclusion that there is substantial evidence that this phrase was included when the deputy was speaking with Nemeth.

Any peace officer or other person having custody of any person arrested or restrained of the person's liberty for any reason whatever; shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney.

"The legislative purpose of section 804.20 is to afford detained suspects the opportunity to communicate with a family member and [an] attorney." Walker, 804 N.W.2d at 290. There is no requirement in the statute that an officer affirmatively inform a person of the statutory right under section 804.20. *State v. Hicks*, 791 N.W.2d 89, 94 (Iowa 2010). Once a person invokes the statutory right to make a telephone call, "the detaining officer must direct the detainee to the phone and invite the detainee to place his call or obtain the phone number from the detainee and place the phone call himself." *Id*. at 97. "The guaranteed right is a limited one and only requires a peace officer to provide the suspect with a reasonable opportunity to contact an attorney or family member." *Id.* at 94.

We find the district court did not err in its conclusion neither the statute nor case law requires an officer to affirmatively inform a detained person of the people who may be called or the purposes for which a call may be made.

**B.** On appeal, Nemeth states the document, "Right to Consult an Attorney or Family Member," is internally inconsistent because at one point it states she could "call, consult, and see a member of your family or an attorney of your choice, or both." Nemeth made a check to indicate she "Wish[ed] to exercise my right to contact a family member or an attorney." Nemeth asserts the document should have again indicated she could contact both.

This argument concerning the wording of the form was not raised below, and we conclude it has not been preserved for our review. *See State v. Talbert*, 622 N.W.2d 297, 300 (Iowa 2001) (noting issues must be presented to and passed upon by the district court before they can be decided on appeal).

**C.** Nemeth additionally claims the deputy impermissibly limited her ability to make telephone calls. She asserts the deputy should have inquired if she wanted to make more calls before requiring her to decide if she wanted to give a breath sample or not.

We first note the deputy permitted Nemeth to have her cell phone while he was driving her to the jail, and she was able to make all the calls she cared to make during that twenty-five minute period. At the jail, the deputy read the implied consent advisory to Nemeth and then asked "if she wanted to make any phone calls for any reason." Nemeth called her father. She did not ask to make any other calls. The deputy gave her the document, "Right to Consult an Attorney or Family Member." Nemeth signed the document under the statement, "By signing below I acknowledge that I have made all the phone calls that I wish to make." After she signed the document, the deputy asked her for a breath sample.

The district court ruled, "I don't think the deputy had to once again say to her do you want to make more calls. I don't think he had to ask her twice to be in compliance with section 804.20." The court pointed out Nemeth never asked to make more telephone calls. We find no error in the district court's conclusion the deputy did not unreasonably limit Nemeth's ability to make telephone calls. *See*

*Hicks*, 791 N.W.2d at 94 (stating section 804.20 "only requires a peace officer to provide the suspect with a reasonable opportunity to contact an attorney or family member").

We affirm the district court decision denying the motion to suppress. We affirm Nemeth's conviction for OWI, first offense.

**AFFIRMED.**