# IN THE COURT OF APPEALS OF IOWA

No. 15-1841
Filed November 9, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**XAVIER AMBRIC GORDON,**
　　　　Defendant-Appellant.
_____


　　　　Appeal from the Iowa District Court for Black Hawk County, James D. Coil,

District Associate Judge.


　　　　Defendant appeals his conviction for domestic abuse assault causing

bodily injury. **AFFIRMED.**



　　　　Christine E. Branstad and Nathan A. Olson of Branstad Law, P.L.L.C.,

Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Jean C. Pettinger and Kevin

Cmelik, Assistant Attorneys General, for appellee.



　　　　Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Xavier Gordon appeals his conviction for domestic abuse assault causing bodily injury. Gordon claims the district court did not apply the proper standard of review in determining if he forfeited his right to confront a witness against him. We conclude Gordon did not properly preserve this claim. Gordon also claims there was insufficient evidence to find he had procured the unavailability of the witness through wrongdoing. We agree with the district court and find the evidence was sufficient. We find Gordon has not shown he received ineffective assistance of counsel because defense counsel did not object to the standard of review for forfeiture by wrongdoing. Gordon's final claim, that defense counsel failed to present evidence Gordon claims was exculpatory, must be preserved for possible postconviction proceedings. We affirm.

## I. Background Facts and Proceedings

S.T. managed to stop a passing car around 6:30 a.m. on April 4, 2015. Crying, she asked the driver to call the police, stating she had been attacked by her boyfriend and had been hiding in a dumpster to get away from him. S.T. was bleeding, had "claw marks" on her arms, and seemed terrified. The driver called 911 and waited with S.T. at her relative's house. S.T., still crying and distraught, related the same story of being attacked by her boyfriend, whom she identified as Xavier Gordon to a police officer who responded to the call. However, S.T. refused to go to the police station or cooperate with the investigation.

Gordon was contacted by police, and his identification listed the same address as S.T. After Gordon was arrested for domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(3)(b) (2015), many calls

from the jail were made to S.T.'s telephone number, some with Gordon's assigned PIN[1] and some with other PINs. The female voice was always the same and responded as S.T.; the male voice was almost always consistent. During a call, made through a PIN other than Gordon's, a male voice asked, "what's it going to take to get this [case] thrown out?" The male voice also said another inmate's case for domestic abuse was dismissed when the victim failed to show up for court. In a separate call the female voice, again responding as S.T., stated she was trying to get him "out of this situation" and the male voice said he did not "want them to subpoena [his] old girl." The male voice suggested S.T. "call the county and tell them you're moving."

Gordon's trial was held in September 2015. S.T. was not present. The district court found Gordon had forfeited his right to confrontation, and allowed S.T.'s statements to the officer responding to the initial 911 call, as well as her statements she was no longer willing to cooperate with the investigation, before the jury. Gordon was found guilty of domestic abuse assault causing bodily injury. Gordon appeals.

## II. Standard of Review

"We review the trial court's admission of hearsay evidence for correction of errors of law. However, to the extent constitutional issues are raised, our review is de novo." *State v. Heuser*, 661 N.W.2d 157, 162 (Iowa 2003). We also review ineffective assistance of counsel claims de novo. *Id.* at 166. Challenges to the sufficiency of evidence presented at trial are reviewed for correction of errors at law and we will uphold a verdict if it is supported by substantial evidence. *State*

---

[1] Personal Identification Number

*v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view all evidence in the light most favorable to the State. *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002).

### III. Right of Confrontation

Gordon claims the district court violated his constitutional right to confront the witnesses against him. The State claims the issue is actually which evidentiary standard to apply to claims of forfeiture by wrongdoing, a claim Gordon failed to preserve below.

In order to preserve error issues must be raised and decided before the district court in order to be considered on appeal. *State v. Talbert*, 622 N.W.2d 297, 299 (Iowa 2001). Additionally, "a party attempting to exclude evidence has the duty to indicate the specific grounds to the court so as to alert the judge to the question raised and enable opposing counsel to take proper corrective measures to remedy the defect, if possible." *State v. Decker*, 744 N.W.2d 346, 353 (Iowa 2008) (citing *State v. Clay*, 213 N.W.2d 473, 476-77 (Iowa 1973)).

Gordon's trial counsel did move to exclude S.T.'s statements as hearsay and as a violation of Gordon's right to confrontation, but never challenged the evidentiary standard, which is the basis for the appeal. In fact, Gordon's counsel provided a case to the district court correctly stating the evidentiary standard as a preponderance of the evidence. Additionally, the State referenced the evidentiary standard applicable to forfeiture by wrongdoing several times during arguments on the motion.

Gordon has not properly preserved this issue for our review. His resistance to S.T.'s statements being used was put before the court on the basis of hearsay and a violation of his right to confront the witness, not on the basis of

the correct evidentiary standard. Therefore, we will not address the merits on this claim.

### IV. Sufficiency of Evidence

Gordon further claims the evidence was not sufficient to find he forfeited his right to confront the witness. In order to apply the doctrine of forfeiture by wrongdoing the court is required to find "the defendant intended to prevent a witness from testifying. A mere showing that the defendant caused the person to be absent is not sufficient." *State v. Harper*, 770 N.W.2d 316, 322 (Iowa 2009) (internal quotation marks and citations omitted) (citing *Giles v. California*, 554 U.S. 353 (2008)).

Gordon claims the only evidence supporting a finding he intended to prevent the witness from testifying are vague mentions that other inmates had charges dropped when witnesses refused to testify. Additionally, those calls were made from PINs not associated with Gordon. Gordon also claims S.T. made statements during those calls that show it was solely her decision not to testify. Gordon claims the male inmate made no threats, promises, or instructions to S.T. concerning testifying.

However, the jail administrator testified many inmates share their PIN in order to circumvent no-contact orders.[2] While Gordon asserts there were no threats, promises, or instructions, the male caller told S.T. "the best way is not to come" and told her to "call the county and tell them you're moving." The male caller also related to S.T. that other inmates had charges dropped when the victim refused to testify and responded approvingly when S.T. stated she did not

---

[2] A no-contact order was previously issued in this case.

want to testify. When viewed in the light most favorable to the State, we find the evidence sufficient to support the district court's finding Gordon intended to prevent the witness from testifying.

## V. Ineffective Assistance of Counsel

To establish his ineffective-assistance-of-counsel claim, Gordon must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). "We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements can be decided as a matter of law." *Id.* Where the record is not adequate to address a claim of ineffective assistance of counsel, we must preserve the claim for possible postconviction proceedings. *See State v. Fountain*, 786 N.W.2d 260, 267 (Iowa 2010).

### A. Failure to Argue for a Stricter Standard of Review

Gordon claims his trial counsel breached their duty by failing to object to the evidentiary standard governing a claim of forfeiture by wrongdoing. "Trial counsel has no duty to raise an issue that has no merit. In situations where the merit of a particular issue is not clear from Iowa law, the test is whether a normally competent attorney would have concluded that the question . . . was not worth raising." *State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) (internal quotation marks and citations omitted).

Our supreme court has adopted a preponderance of the evidence standard for resolving claims of forfeiture by wrongdoing, aligning Iowa with the majority of sister states, and declining to adopt a clear and convincing evidence

standard. *State v. Hallum*, 606 N.W.2d 351, 356 (Iowa 2000). We find Gordon's trial counsel did not breach any duty by failing to object to the evidentiary standard which was clearly established in *Hallum*. Such an objection had no merit against clearly controlling precedent with no identifiable trend against the standard among other jurisdictions. Because no duty was breached we need not address prejudice.

### B. Failure to present Evidence

Gordon claims trial counsel failed to present evidence S.T. avoided trial on her own volition, and was not influenced at all by Gordon. The record does not reveal if the evidence was not admitted through oversight or as a matter of trial strategy. "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). We determine this issue must be preserved for possible postconviction proceedings in order to more fully develop the record.

We affirm Gordon's conviction.

**AFFIRMED.**