**IN THE COURT OF APPEALS OF IOWA**

No. 16-1776
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL PATRICK AKERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor (motion to suppress) and Mark D. Cleve (trial/sentencing), Judges.

        Michael Akers appeals his conviction for possession of a firearm as a felon. **REVERSED AND REMANDED FOR DISMISSAL.**

        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

Following a bench trial, the district court found Michael Akers guilty of possession of a firearm as a felon. *See* Iowa Code § 724.26(1) (2015). On appeal, Akers argues (1) the evidence was insufficient to support the charge and (2) the district court should have granted his motion to suppress evidence. We find the first issue dispositive, making it unnecessary to address the second issue.

Iowa Code section 724.26(1) states:

> A person who is convicted of a felony in a state or federal court, or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult, and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class "D" felony.

As the district court stated, this provision required the State to "prove by evidence beyond a reasonable doubt . . . the defendant knowingly had . . . in his possession a firearm, and secondly, that at that time the defendant had previously been convicted of a felony in the State of Illinois."

On appeal, Akers only challenges the second element. He argues "the evidence submitted does not support a finding that he was [a] felon as defined by Iowa Code section 724.25(1)." *See id.* §§ 724.25(1), .26(1); *see also* Iowa Crim. J. Inst. 2400.7 & cmt. Our review of the district court's findings following a bench trial is for substantial evidence. *See State v. McFadden*, 320 N.W.2d 608, 614 (Iowa 1982).

"As used in section 724.26, the word 'felony' means any offense punishable in the jurisdiction where it occurred by imprisonment for a term

exceeding one year . . . ." Iowa Code § 724.25(1). To prove the prior felony, the State offered a certified record of documents associated with a 2010 Illinois charge of "criminal damage to property," "said damage being in excess of $300, but not in excess of $10,000." Although one of the documents identified the Illinois statute on which the charge was grounded, the most that can be gleaned about the penalty from this statute is that the crime is a misdemeanor "if the damage to property does not exceed $300" and a "Class 4 felon[y] if the damage to property exceeds $300 but does not exceed $10,000." *See* 720 Ill. Comp. Stat. 5/21-1(1)(a), (2) (2010). None of the documents, including the sentencing order, made reference to the penalty statute associated with the charge. *Cf. State v. Sanborn*, 564 N.W.2d 813, 816 (Iowa 1997) ("Nowhere in the exhibit, however, are the penalty provisions included.").

Assuming without deciding the value made the crime a class 4 felony rather than a misdemeanor, the Illinois legislature's characterization of the charge is not dispositive of whether Akers was a felon. *See State v. Olsen*, 848 N.W.2d 363, 369 (Iowa 2014) ("[T]he fact that another state may label a crime a 'felony' is not determinative."). As noted, the State was required to prove the Illinois crime was punishable by a term of imprisonment exceeding one year. *See Sanborn*, 564 N.W.2d at 816 ("Where the predicate felony underlying prosecution for a violation of section 724.26 occurs in another state, that state's punishment must satisfy the Iowa definition.").

The State attempts to circumvent the omission of the Illinois penalty statute by asking us to take judicial notice of that statute. In the State's view, the law was "sufficiently pled . . . by plain designation" to warrant this procedure.

*See* Iowa R. Civ. P. 1.415. To the contrary, the State did not plead the penalty statute. Accordingly, we cannot take judicial notice of it.

The State also asks us to consider Akers' out-of-court admission that he was a felon. We question whether a layperson's admission to "a felony in Illinois" can satisfy the technical definition of felony in section 724.25(1). Be that as it may, a concession or admission can establish the element only if it is "made of record." *Sanborn*, 564 N.W.2d at 817; *see also State v. Walton*, 311 N.W.2d 110, 113 n.2 (Iowa 1981) ("Defendant's status as a felon is a matter of public record and may be established by a concession or admission of that record."). As discussed, there was no evidence "of record" to satisfy the definition of "felon" contained in section 724.25(1).

Finally, the State suggests that a statement made by Akers' attorney following the close of evidence either amounted to a waiver of error on Akers' present challenge to the sufficiency of the evidence supporting the felony element or amounted to proof of that element. We disagree with both arguments.

Counsel's statement was as follows:

I do note that a class 4 felony, while it is called a felony in Illinois, it really is more or less the Illinois equivalent of an aggravated misdemeanor, its punishments range from one to three years of incarceration, and [is] usually punishable by fines. In this case I believe if the court goes through the disposition as provided by the State in the certified records, you'll note that Mr. Akers did serve some jail time, but he did not serve a period of incarceration.

The statement could not be construed as a "stipulation" to the "felon" element, as the State suggests. *Cf. State v. Kidd*, No. 12-1917, 2014 WL 3749365, at *4 (Iowa Ct. App. July 30, 2014) (noting counsel's professional statement that he did

not intend to dispute the defendant's status as a felon notwithstanding the absence of a formal stipulation). First, Akers put the State to its proof on both elements of the crime and, in cross-examination of the State's witnesses, contested the prior felony element. Second, it is clear from the entirety of defense counsel's post-evidence statement that he was challenging, rather than agreeing with, the State's attempt to characterize the Illinois crime as a felony instead of a misdemeanor. Finally, counsel's statement could not be viewed as substantive proof of the element because attorney remarks are not evidence. *See generally State v. Plain*, 898 N.W.2d 801, 842-43 (Iowa 2017) (Mansfield, J., concurring specially).

The record lacks substantial evidence to support the "felon" element of the crime of felon in possession of a firearm. We reverse Akers' conviction, judgment, and sentence and remand for dismissal. *See State v. Swartz*, 541 N.W.2d 533, 538 (Iowa Ct. App. 1995) ("[R]etrial is barred if a conviction is reversed on the ground of legally insufficient evidence because such reversal is equivalent, for double jeopardy purposes, to a jury verdict of acquittal." (citing *United States v. DiFrancesco*, 449 U.S. 117, 131 (1980))).

**REVERSED AND REMANDED FOR DISMISSAL.**